THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD DEAN CHELLEW, Defendant-Appellant.

(No. 73-81;

Second District—June 20, 1974.

John O. Vogel, of Glen Ellyn, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant Ronald Dean Chellew was jointly indicted and tried for committing a deviate sexual assault upon a fellow prisoner while the defendant was incarcerated in the Du Page County jail for a prior similar offense allegedly committed against a minor female. In the instant case defendant was tried by a jury and found guilty. This is a post-conviction proceeding relating to the sentence of the defendant.

In the prior case, *People v. Chellew* (1968), 104 Ill.App.2d 100, 243 N.E.2d 49, the defendant appealed to this court and the conviction was reversed because of the prosecution's comment upon the failure of the defendant to testify. However, in that case we held:

"There is nothing so implausible or inconsistent about any of the evidence that we can say, as a matter of law, that there is a reasonable doubt of the defendant's guilt. The weight of the evidence was for the jury to determine, and our review of the record leads us to the conclusion that the evidence was sufficient to support the verdict." (104 Ill.App.2d at p. 103.)

The matter was remanded to the trial court for a new trial because of prosecution's comment but the matter was never retried.

In the case before us the trial court in the sentencing of the defendant,

after the judgment of guilty by the jury, considered the prior conviction and also considered the fact that the defendant was on parole for burglary at the time of the commission of the instant offense.

■ ■ The sole contention in the post-conviction case before us is that a constitutional issue is raised in that upon sentencing the defendant, the trial court considered a prior conviction which was subsequently reversed by this appellate court. As authority for this contention the defendant has cited *United States v. Tucker* (1972), 404 U.S. 443, 30 L.Ed.2d 592, 92 S.Ct. 589. *Tucker* is most similar to the factual situation of the case before us. In *Tucker* the trial court considered two convictions of the defendant in determining the sentence and it was further ascertained that the defendant was without counsel in those convictions. The Supreme Court held that "the federal case might have been different if the sentencing judge had known that at least two of respondent's previous convictions had been unconstitutionally obtained." The Court then remanded the case for reconsideration of the respondent's sentence. We will agree that the consideration by the trial court of a conviction *subsequently set aside as indicated above does in fact present a constitutional question. We will further agree that the trial court imposing the instant sentence had knowledge of the prior conviction for a comparable sex act prior to the incarceration of the defendant.

■■ The sentence imposed herein was well within the statutory limitation at the time of the imposition thereof. *The term of a sentence does not present a constitutional question cognizable in a post-conviction proceedings.* (*People v. Ballinger* (1973) 53 Ill.2d 388, 292 N.E.2d 400.) However, in view of the case cited by the defendant, *United States v. Tucker, supra,* we affirm the conviction of the defendant and remand the same for resentencing. Inasmuch as this was a forcible crime consisting of a deviate act against a fellow prisoner we cannot help but note the comment of the dissent in *United States v. Tucker* where the court, in observing that the case would go back to the same judge who imposed the original sentence, stated:

> "On remand the case presumably will go once again to Judge Harris, and undoubtedly the same sentence once again will be imposed. Perhaps this is all worthwhile and, if so, I must be content with the Court's disposition of the case on general principles. I entertain more than a mild suspicion, however, that there is an exercise in futility, that the Court is merely marching up the hill only to march right down again, and that it is time we become just a little realistic in the face of a record such as this one." 404 U.S. at 452, 30 L.Ed.2d at 599.

We expressly hold that the provisions of the Unified Code of Correc-

tions relative to sentences (Ill. Rev. Stat. 1973, ch. 38, sec. 1008—2—4) is not applicable in this post-conviction appeal. (*People v. Seidler* (1974), 18 Ill.App.3d 705, 310 N.E.2d 421.) The conviction is affirmed and this case is remanded to the trial court for post-conviction reconsideration of the respondent's sentence.

Affirmed in part; remanded in part.

T. MORAN, P. J., and SEIDENFELD, J., concur.