THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID LYNN MARSELLE, Defendant-Appellant.

(No. 73-92;

Third District—July 11, 1974.

Michael Massey, of Galva, for appellant.

William K. O'Connor, State's Attorney, of Cambridge, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by defendant, David Lynn Marselle, from a conviction and judgment in a bench trial in the Circuit Court of Henry County. Defendant was found guilty of the offense of contributing to the delinquency of a minor (Ill. Rev. Stat. 1971, ch. 23, § 2361A). Following a hearing in aggravation and mitigation, defendant was sentenced to a term of 1 year and given credit for time served against that sentence.

Defendant bases his appeal from the conviction on two major grounds. He first contends that it was reversible error for the court to have allowed an Illinois policeman to read from a letter which presumably was sent to the policeman from the Colton, California, chief of police stating that David Marselle had been involved in an automobile wreck on September 14, 1972, in Colton, Califorma, and that Marselle's auto was taken to a junkyard operated by a man named Aboytes. The letter also stated that the junk dealer told the policeman that the complaining witness, who was identified by him from a photograph, was with the defendant in Colton, California, on such date. It is also argued that it was reversible error for the court in considering sentencing, to consider in the hearing in aggravation and mitigation, a prior conviction of defendant which had been declared void in a subsequent habeas corpus proceeding.

From the record it appears that Christine Wolfe, the complaining witness, testified that she left her home and her high school in Kewanee, Illinois, and that during the first 3 or 4 weeks, August 23, 1972, to September 20, 1972, when she was gone continuously, she was in the presence of defendant Marselle, and away from Kewanee, Illinois. She also said that Teddy Nelson accompanied them. Defendant Marselle, on the contrary, testified that he was not with the complaining witness at any time during that period.

The so-called "identification" by the California junk dealer was offered by the prosecution for the purpose of showing that during the period in question, following the wreck involving Marselle's automobile, the complaining witness, in the presence of the defendant, procured personal items from the wrecked automobile. The defense relied upon the testimony of the defendant and of alibi witnesses who placed defendant alone in Kewanee at various times during the period in question. The State also offered the testimony of witnesses who refuted the alibi testimony.

Defendant Marselle testified that on August 22, 1972, he and Teddy Nelson did leave for the West. He stated that he returned to Kewanee sometime between September 10 and 17 and that he left for the West against approximately 5 or 7 days later. He stated he returned again to Kewanee in late September or early October. During his second return

trip he stated he spoke with the Kewanee Police Chief and with Christine's mother and remembered telling them of the wreck in Colton, California.

Defendant's father, Frank Marselle, testified that he had ordered his son to leave the home and that David in fact left their home on August 22 but returned again on August 29. Frank next saw David on October 11 at which time David said he told them he had returned to prove he had not taken the girl. David's sister-in-law stated that she and her husband were asked to stay at David's parents' home during the parents' absence around August 30, 1972, in order to guard the home against the rumored return of David. She said she was shocked one morning to find David sleeping on a mattress in the furnace room. This testimony was corroborated by the defendant's brother, Larry Marselle.

The Kewanee police chief testified that shortly after August 23, 1972, he talked to Frank Marselle concerning Christine Wolfe's disappearance. A Kewanee police officer testified that on September 21, 1972, he talked to Frank Marselle and that Frank then told him he had not seen David since August 22.

It is clear, therefore, that the issue to which the junk dealer Aboytes' purported identification of the complaining witness was directed was whether, during Christine's absence from school and home, Christine was with defendant. This was critical to the ultimate question of whether defendant had committed the charged offense. Clearly, as a result of the conflicting testimony of the complainant and defendant, the letter from the Colton, California, chief of police was crucial with respect to the credibility of defendant's own testimony. Other than the direct testimony of complainant who remained away approximately 3 months after she claimed defendant was last with her, the letter was the only evidence of any substance that tended to place complainant with defendant. The letter and its contents were admitted into evidence over defendant's timely objection.

It is obvious that the critical material testimony of Mr. Aboytes, the junk dealer, was "second-degree hearsay" since it supposedly represented the purported identification by one out-of-court witness (Aboytes) made to the second out-of-court witness (Colton, California, chief of police) and was transmitted by the second out-of-court witness to the witness who testified (the investigator for the Henry County Sheriff's Department). The in-court testimony permitted the deputy to read the report of the Colton police chief and also of his report of the statement of the junk dealer. The Colton police chief's account was "first-degree hearsay" and, as indicated, that of the junk dealer was "second-degree hearsay".

Defendant argues that the challenged letter was received in evidence in contravention of his Sixth Amendment rights under the Constitution of the United States and of article I, section 8 of the 1970 Illinois Constitution, which grants him the right to be confronted by witnesses against him and to meet the witnesses face to face. This right is guaranteed to defendants in both Federal and State proceedings (*Pointer v. Texas*, 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065). It is apparent from the record that defendant had no opportunity to confront or cross-examine the Colton police chief or Aboytes, the junk dealer.

It has been observed that the evidentiary rule of general exclusion of hearsay testimony is that such testimony is generally considered inherently unreliable. Most exceptions to the rule of general exclusion owe much to the evidence to which they relate being considered less unreliable. In absence of a particular exception based on the particular quality of the evidence in question, hearsay evidence is inadmissible. It is clear that the "evidence" contained in the letter from the California Police Chief, as well as the reference to the purported identification by the junk dealer does not rise to the standard of reliability which is required.

■■ The Illinois Supreme Court in *People v. Smith*, 38 Ill.2d 13, 230 N.E.2d 188, indicates that the letter of the Colton police chief was constitutionally inadmissible in absence of the State's having made the chief and Aboytes, the junk dealer, available for cross-examination. In the *Smith* case, which was also a bench trial, the arresting officer testified that a deceased informer had identified defendant as having sold narcotics to the informer. The Illinois Supreme Court held that the defendant unconstitutionally was denied the right to confront the witnesses against him. Even apart from the constitutional issue, the letter would not have been admissible in this cause under Illinois Supreme Court Rule 236(a) (Ill. Rev. Stat. 1971, ch. 110A, § 236(a)), where certain business and professional writings or records are permitted to be introduced as an exception to the hearsay rule. Subsection (b) of that Rule, however, specifically provides: "This rule does not apply to the introduction into evidence of * * * police accident reports."

■■ Even if we assume for the purpose of this case that the information received from the Colton, California Police Chief was a "police accident report," Supreme Court Rule 236 would be unavailable as a statutory basis for its admissibility. It likewise certainly did not come under any of the express exclusions from the hearsay rule. We, therefore, conclude that the admission of the evidence of the letter from the Colton, California, chief of police, including the report of the statement of the California junk dealer should not have been admitted and, under the

facts in the record, constituted reversible error. We cannot determine whether defendant, in absence of such evidence, would have been found guilty beyond a reasonable doubt.

■■ A prior conviction which has been set aside in a subsequent habeas corpus proceeding was brought to the attention of the court in the hearing in aggravation and mitigation. *People v. Helton,* 106 Ill.App.2d 246, 245 N.E.2d 4, 6, held that a prior conviction, subsequently reversed, could not be brought to the attention of a court in a hearing in aggravation and mitigation. In *People v. Shook,* 35 Ill.2d 597, 221 N.E.2d 290, 292, the Illinois Supreme Court held that evidence of a prior conviction, which had been dismissed in a habeas corpus proceeding, was improperly interjected for impeachment purposes. We, therefore, see no reason why a conviction which has been voided in a habeas corpus proceeding, should be considered by the trial court in the hearing in aggravation and mitigation. Accordingly, upon remand of this case, in the event circumstances should warrant a new hearing in aggravation and mitigation, information with respect to the prior conviction should not be presented or considered by the sentencing court.

For the reasons stated, the judgment of conviction is reversed and this cause is remanded to the Circuit Court of Henry County for a new trial.

Reversed and remanded.

STOUDER and DIXON, JJ., concur.