THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES MICHAEL RILEY, Defendant-Appellant.

Fourth District   No. 12768

Opinion filed July 29, 1976.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert Welch, State's Attorney, of Virginia, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant filed a pro se petition to vacate a judgment of conviction. The motion purported to be drawn and to seek relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), and undertook to set out facts which, if known to the trial judge, would have prevented entry of the judgment of conviction. He appeals from the order denying the petition to vacate the judgment entered upon the motion of the prosecution to dismiss.

The trial court appointed counsel and a hearing was had. The trial court took the case under advisement to consider defendant's pro se response to the motion to dismiss. The judge prepared a memorandum disclosing extensive review of the facts and concluded that the petition did not require that the conviction be set aside, and that there were no errors of fact, fraud or mistake which made the judgment invalid.

Defendant was convicted of arson by jury verdict on March 28, 1971 (Case No. 71-CF-20). Subsequent to sentencing, plea negotiations as to other pending indictments were conducted. Pursuant to the plea negotiations, defendant pleaded guilty to four counts of arson, while four counts of arson and four counts of criminal damage to property were dismissed. Concurrent sentences of five to ten years were imposed for each such conviction.

Subsequently, the appellate court reversed the conviction entered on the arson charge (Case No. 71-CF-20), because the indictment did not allege that the act was done "knowingly."

Defendant thereafter filed habeas corpus proceedings in Randolph County as to all remaining judgments. The circuit court of Randolph County discharged defendant from three of the convictions for arson to which defendant had pleaded guilty pursuant to plea negotiations. These arson indictments were also held defective because of a failure to allege that the arson had been committed "knowingly." The court did determine that the remaining charge (Case No. 71-CF-25), charging defendant with arson to which defendant had pleaded guilty pursuant to plea negotiations was valid. The court remanded defendant to the penitentiary to serve the previously imposed sentence of five to ten years.

■■ This petition was directed to the conviction upon the plea in Case No. 71-CF-25. Petitions under section 72, while available in criminal as well as civil cases, have the limited function of bringing to the attention of the court errors of fact of such character as would have prevented

rendition of the judgment. *(People v. Bishop* (1953), 1 Ill. 2d 60, 114 N.E.2d 566, *cert. denied,* 346 U.S. 916, 98 L. Ed. 412.) A petition under section 72 is therefore the filing of a new action; it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought. Where the petition fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to a motion to dismiss. *(Glenn v. People* (1956), 9 Ill. 2d 335, 137 N.E.2d 336.) Here, the court held defendant failed to allege errors of fact of such character as would have prevented rendition of the judgment.

■■ An essential element of this statutory proceeding is that there be such allegations of fact as demonstrates that the party had a meritorious defense, but that by reason of facts unknown to the court he was prevented from presenting that defense. *People v. Hinton* (1972), 52 Ill. 2d 239, 287 N.E.2d 657, *cert. denied,* 410 U.S. 940, 35 L. Ed. 2d 606, 93 S. Ct. 1404; see Supplement to Historical and Practice Notes, Ill. Ann. Stat., ch. 110, par. 72 (Supp. 1975-1976).) While this petition asserts that he would not have pleaded guilty if he had known that the indictment upon which he was convicted by jury (Case No. 71-CF-20), was faulty, it is not pleaded as a fact that defendant was innocent, or that he had any meritorious defense to the charge in which he entered his plea.

Defendant urges, however, that regardless of its sufficiency as a petition under section 72, it should be considered for any violation of petitioner's rights for which he might have relief under the statute concerning post-conviction proceedings.[1] He relies upon certain language found in *People v. Twomey* (1973), 53 Ill. 2d 479, 484, 292 N.E.2d 379, wherein a petition in habeas corpus the defendant alleged a deprivation of a constitutional right to counsel at a preliminary hearing and at his arraignment. While the court found it unnecessary to reverse the dismissal of the petition by the trial court, the court said:

> "A salutary result, consistent with the intent of the Post-Conviction Hearing Act * * * would be achieved if the circuit court, upon finding that a *pro se* petition, however labeled, and however inartfully drawn, alleged violations of the petitioner's *rights cognizable in a post-conviction proceeding,* would thereafter, for all purposes, treat it as such. This practice would enable the issues to be properly framed and the matter adjudicated in one proceeding and with finality." (Emphasis supplied.)

■■ From such statement by the court it appears that the principle of *Twomey* is operative in collateral proceedings only where there is an

---

[1] The Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) provides in part: "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article."

allegation of a violation of constitutional rights. The petition does not purport to allege a violation of such constitutional right and the trial court so found.

It is argued, however, that defendant's statement that the sentence imposed upon this guilty plea was tainted by the court's consideration of the conviction and sentence entered in Case No. 71-CF-20 which was subsequently reversed because of the fault in the indictment. To project such consideration into a constitutional proposition, defendant relies upon certain language in *People v. Chellew* (1974), 20 Ill. App. 3d 963, 313 N.E.2d 284. *Chellew* was decided upon the authority of *United States v. Tucker*, 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589. In *Tucker*, defendant was convicted of bank robbery and the *maximum* sentence was imposed. At trial, defendant acknowledged three prior convictions. Such convictions were used to impeach his credibility during trial, and were also considered as factors at the imposition of the maximum sentence. Subsequent collateral proceedings determined that two of such convictions were constitutionally invalid in that defendant was not represented by counsel and that no waiver of counsel was shown as required by *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R.2d 733, and made fully retroactive in *Pickelsimer v. Wainwright*, 375 U.S. 2, 11 L. Ed. 2d 41, 84 S. Ct. 80; *Loper v. Beto*, 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014.

The opinion in *Tucker* reiterated the language in *Burgett v. Texas*, 389 U.S. 109, 115, 19 L. Ed. 2d 319, 324-25, 88 S. Ct. 258.

> "To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt of *enhance punishment* for another offence [citation] is to erode the principle of that case.* * *." (Emphasis supplied.)

The opinion continued to point out that the convictions relied upon in imposing the maximum sentence were the result of the denial of a "specific federal right."

In *Chellew*, it is stated without more detail that in fixing sentence the trial court considered "a prior conviction which was subsequently reversed in the appellate court". Upon examination of the case so reversed in *People v. Chellew* (1969), 104 Ill. App. 2d 100, 243 N.E.2d 49, we find that the grounds for reversal were that the State's Attorney in argument to the jury commented upon the failure of defendant to testify. *Griffin v. California*, 381 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229, determined that such prosecutorial comment was the denial of a "specific federal right" in that it violated the Fifth Amendment of the United States Constitution concerning self-incrimination and was applicable to the respective States under the Fourteenth Amendment in *Malloy v. Hogan*, 378 U.S. 1, 12 L. Ed. 2d 653, 84 S. Ct. 1489.

So, in *Chellew,* as cited by defendant, the court stated:

"We will agree that the consideration by the trial court of a conviction subsequently set aside as indicated above does in fact present a constitutional question. * * * " (20 Ill. App. 3d 963, 964.)

Upon such facts the authority of *Chellew* is directed to the consideration of sentences reversed for violation of a "specific federal right" in a subsequent sentencing proceeding. This court has so held in *People v. Logan* (1976), 39 Ill. App. 3d 656, 350 N.E.2d 40, where a comparable issue was presented in the post-conviction proceeding.

We find, however, that in *People v. Shelton* (1969), 42 Ill. 2d 490, 248 N.E.2d 65, the court determined that the omission of the word "knowingly" from the information charging arson did not present a constitutional issue for the reason that the constitutional test of a charge was whether there were sufficient specific facts alleged to permit preparation of a defense, and to support a plea in bar.

■■ With such authority it is apparent that the reversal in Case No. 71-CF-20 did not arise as the result of the denial of a "specific federal right," and did not come within the principle announced in *United States v. Tucker.*

Defendant also cites *People v. Marselle* (1974), 20 Ill. App. 3d 1012, 314 N.E.2d 21. That case is distinguishable in that, as in *People v. Shook* (1966), 35 Ill. 2d 597, 221 N.E.2d 290, the convictions asserted to have been improperly considered at the time of fixing sentence had been reversed or set aside prior to the time that each was introduced into evidence. Such fact is not presented here.

Upon consideration of the allegations of the petition in the light of the authorities we find no constitutional issue which calls for an extension of the principle stated in *Twomey* to these proceedings under section 72 of the Civil Practice Act.

The judgment is affirmed.

Affirmed.

GREEN and SIMKINS, JJ., concur.