UNITED STATES of America, Plaintiff,

v.

Andrew M. HELLER, Defendant.

No. CR75–129.

United States District Court,
N. D. Ohio, E. D.

Oct. 27, 1976.

William Beyer, U. S. Dept. of Justice, Cleveland, Ohio, for the United States of America.

---

Stephen T. Parisi, Burke, Haber & Berick, Cleveland, Ohio, for Andrew M. Heller.

## MEMORANDUM, OPINION AND ORDER

KRUPANSKY, District Judge.

Defendant moves the Court pursuant to the provisions of Title 18, U.S.C. Section 5021(b), commonly referred to as the Federal Youth Corrections Act (Act), to have his conviction set aside, his probation discharged and specifically requests an Order:

Directing the expungement and deletion of any and all records, reports, index references, documents, photographs, fingerprints, and any and all other memoranda, notes, or materials pertaining to the defendant in this case, whether directly or indirectly, held by or in the custody of or within the jurisdiction of this Court, the United States Probation Office, the United States Department of Justice, the Federal Bureau of Investigation, the United States Marshall's Office, and whether within this state or any other state, district, territory or commonwealth.

The Government objects to the expunction of defendant's record.

The Act, aptly described as the most comprehensive federal statute concerned with sentencing, affords trial judges four options for sentencing offenders between the ages of 18 and 22. The judge may suspend imposition or execution of sentence and place the offender on probation. 18 U.S.C. § 5010(a). The judge may alternatively sentence the offender pursuant to 18 U.S.C. § 5010(b) for treatment and supervision at a special youth facility to be discharged in for no more than six years, or he may commit the offender to a youth institution for a term which may exceed six years up to the maximum period authorized by law for the offense. Pursuant to 18 U.S.C. § 5010(d) the judge may sentence the offender as an adult "if the court shall find that the youth offender will not derive benefit from treatment".

In the event an offender is sentenced under the Act, he may, upon successful completion of the treatment program, seek to have his conviction set aside pursuant to Section 5021 of the Act:

(a) Upon the unconditional discharge by the division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the division shall issue to the youth offender a certificate to that effect.

(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

Defendant maintains that Section 5021 should be interpreted to authorize expunction of all record of conviction as well as the conviction. The Government argues that Section 5021 only contemplates the issuance of a certificate to the youth offender.

Absent specific statutory language, the general power of the Courts to expunge is limited and narrow and will only be exercised in extreme cases, e. g., where an arrest is unlawful; where the arrest represented harassing action by the police or where an arrest was prosecuted pursuant to an unconstitutional statute. *U. S. v. Linn*, 513 F.2d 925 (10th Cir. 1975), *cert. denied*, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1976); *Chastain v. Kelley*, 167 U.S.App. D.C. 11, 510 F.2d 1232 (1975); *Menard v. Saxbe*, 162 U.S.App.D.C. 284, 498 F.2d 1017 (1974).

Upon consideration of defendant's Motion and in view of the clear and concise language of Section 5021, the court concludes that the Act does not authorize expunction of a record of conviction. Section 5021 merely provides for the issuance of a

certificate. The Court notes that Congress could have utilized language similar to that contained in 21 U.S.C. § 844(b)(2) which clearly provides for expunction, but elected not to. *See, United States v. McMains*, 540 F.2d 387 (8th Cir., filed July 30, 1976).

Accordingly, defendant's Motion is denied as it relates to expunction of record and granted in all other respects.

IT IS SO ORDERED.