THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES V. PLACEK, Defendant-Appellant.

Second District (1st Division)   No. 75-493

Opinion filed November 17, 1976.

Frederick F. Cohn, of Chicago, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm Smith, Assistant State's Attorney, and Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Judgment of conviction of theft including a sentence of one to three years in the penitentiary was affirmed by this court upon defendant's direct appeal in *People v. Placek,* 25 Ill. App. 3d 945 (1975). He subsequently petitioned for relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*) and section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) alleging that the sentence and the sentencing procedures violated constitutional standards. The trial court dismissed the petition without an evidentiary hearing and defendant appeals.

■■ We have been advised in oral argument that defendant is now on parole and presently in a work-release program. Although defendant's sentence has not been fully served it is doubtful that even if he were granted a new sentencing hearing and sentenced at its conclusion to a term of probation that would be in a substantially improved position. Nevertheless there may conceivably be some consequences in the nature of control over the defendant's conduct in the remaining parole period. We therefore do not consider as moot the question of the validity of his

820

sentence. *Cf. People v. Murrell,* 60 Ill. 2d 287, 294 (1975); *Hernandez v. Morris,* 39 Ill. App. 3d 783, 784 (1976).

Defendant alleges that the sentencing judge considered a presentencing report which violated his constitutional rights. The report lists: (1) a 1960 conviction for "shoplifting" for which petitioner was granted probation for one year, (2) a 1961 conviction for possession of stolen property for which he was granted probation for one year, (3) a 1961 conviction for petty larceny for which he was sentenced to 90 days in the county jail, (4) a 1961 conviction for driving while his license was suspended for which he received 7 days in the county jail, (5) a 1963 conviction of theft for which he received 90 days in the county jail and 9 months probation, (6) a 1971 conviction in Indiana for theft which resulted in a $50 fine and conditional discharge.

In his petition, defendant alleges with respect to the 1960 conviction that he was neither provided with counsel nor informed of his right to counsel; that both the 1960 and 1961 convictions were before a judge who was not an attorney; that the 1961 conviction for petty larceny was void as a result of a defective indictment; and that the 1963 conviction was erroneously reported and never occurred. The petition also alleges the presentence report omits a letter which stated that the defendant had cooperated with the Federal Government as an informer and witness in an unrelated case.

It is also alleged the sentence is unconstitutional because the trial court failed to obtain an election as to whether defendant wished to be sentenced under the criminal code in effect at the time of the offense or at the time of sentencing.

The defendant advances the argument that these claims of constitutional violations affect the validity of defendant's sentence and require an evidentiary hearing. The State responds that defendant is barred from raising the bulk of his claims since they could have been raised in his direct appeal and are therefore barred either under the doctrine of waiver or *res judicata;* but that in any event the conclusionary statements are not sufficient to require a post-conviction hearing.

Except for defendant's contention that his 1960 conviction was in violation of his right to counsel, we conclude these arguments have been waived by defendant's failure to object or to raise the point when he had a fair opportunity to do so. (See *People v. Jones,* 33 Ill. App. 3d 1025, 1033 (1975); *People v. Johnson,* 37 Ill. App. 3d 328, 331 (1976).) A defendant who fails to object in the trial court to the form or depth of a presentence report waives consideration of that point on review. (See *People v. Emmett,* 34 Ill. App. 3d 167, 172 (1975). See also *People v. Davis,* 38 Ill. App. 3d 411, 418 (1976).) Further, although petitioner is entitled upon conviction to be sentenced under either the law in effect at the time of the

transaction or that in effect at the time of sentencing the issue must ordinarily be raised on direct review or it is waived. (See *People v. James,* 46 Ill. 2d 71, 74 (1970); *People v. Gonzalez,* 56 Ill. 2d 453, 455 (1974).) On the record before us we find no reason to avoid the rule of waiver.

■■ The fact that the prior convictions in 1960 and 1961 were rendered by a judge who was not an attorney also does not reach constitutional dimensions and has been waived since it could have been raised on direct appeal. See *North v. Russell,* ___ U.S. ___, 49 L. Ed. 2d 534, 96 S. Ct. 2709 (1976); *City of Decatur v. Kushmer,* 43 Ill. 2d 334, 339-40 (1969).

■■ The 1961 conviction for burglary is allegedly based on an invalid indictment because the indictment failed to allege ownership of the items of personal property which were taken. However, the proper procedure to challenge a defective indictment is a pretrial motion to dismiss the charge (Ill. Rev. Stat. 1975, ch. 38, par. 114—1) or a motion to arrest judgment (Ill. Rev. Stat. 1975, ch. 38, par. 116—2). If the defendant does not attack the indictment through one of those procedures the objection is waived and the "indictment is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." (*People v. Gilmore,* 63 Ill. 2d 23, 29 (1976); *People v. Pujoue,* 61 Ill. 2d 335, 339 (1975).) The indictment accomplishes these purposes and petitioner has alleged no facts which indicate otherwise. Since the claim that the indictment is defective does not rise to constitutional proportions it is not cognizable under the Post-Conviction Hearing Act. *People v. Logan,* 39 Ill. App. 3d 656, 659 (1976); *People v. Riley,* 40 Ill. App. 3d 679, 683 (1976).

■■ We conclude, however, that to the extent defendant's petition is based upon the claims that his sentence was influenced by consideration of void convictions the rule of waiver should not be applied.

This issue involves the application of *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, 2014 (1972), made retroactive in *Berry v. Cincinnati,* 414 U.S. 29, 38 L. Ed. 2d 187, 94 S. Ct. 193 (1973).[1] It is questionable whether *Argersinger* applies to a misdemeanor which does not, in fact, result in incarceration. (See *Middendorf v. Henry,* 425 U.S. 25, 47 L. Ed. 2d 556, 96 S. Ct. 1281, 1287 (1976). But see the reference to "possible imprisonment" in *City of Danville v. Clark,* 63 Ill. 2d 408, 413 (1976).) It has also been held that *Argersinger* should be applied to invalidate prior convictions only where the direct or collateral consequences from uncounseled misdemeanor convictions relate to loss of liberty or imprisonment. (*Morgan v. Juvenile & Domestic Relations*

---

[1] Defendant cannot be said to have waived this claim by not asserting it in his direct appeal since it appears that *Berry v. Cincinnati* had not been decided at the time of defendant's sentencing.

*Court*; 491 F.2d 456, 457 (4th Cir. 1974); *cf. United States v. White,* 529 F.2d 1390, 1394 (8th Cir. 1976); *People v. Scott,* 36 Ill. App. 3d 304, 309 (1976); contra, see *Potts v. Estelle,* 529 F.2d 450, 454 (5th Cir. 1976).) Although defendant was not incarcerated as a result of his 1960 conviction, a question remains as to its collateral consequences on his present conviction.

We need not reach the issue, however, because even if we were to find his 1960 conviction invalid, petitioner would not be entitled to resentencing unless there is a reasonable probability that the prior uncounseled conviction may have led the trial court to impose a heavier sentence than it otherwise would have imposed if it had known that the defendant had been convicted of the prior offense in deprivation of his constitutional right to counsel. See *United States v. Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972); *People v. Chellew,* 20 Ill. App. 3d 963, 964 (1974).

Construing the petition liberally defendant has not established all of the elements in his pleading. He has failed to allege facts which demonstrate a reasonable probability that the sentence would have been less if the sentencing judge had been aware of the fact that the 1960 conviction was uncounseled. Although it seems the trial judge considered the 1960 conviction in pronouncing sentence it is very unlikely that his sentence would have been less had he been aware that that conviction for shoplifting was uncounseled in view of the fact that there were five other convictions in the report.

We therefore conclude that the trial court properly dismissed the petition and affirm the judgment.

Affirmed.

GUILD, P. J., and RECHENMACHER, J., concur.