UNITED STATES of America,
Plaintiff-Appellee,

v.

Larry DUNN, Defendant-Appellant.

No. 76–1739.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 19, 1976.

Decided Dec. 20, 1976.

Rehearing Denied March 21, 1977.

Daniel J. Sears, Federal Public Defender, Denver, Colo., for appellant.

Richard S. Vermeire, Asst. U. S. Atty., Boulder, Colo. (James L. Treece, U. S. Atty., and Rod W. Snow, Asst. U. S. Atty., Denver, Colo., on the brief), for appellee.

Before LEWIS, Chief Judge, and McWILLIAMS and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

Appellant, Larry Dunn, pleaded guilty to a misdemeanor charge of theft at the Fort Carson Army Base under the Assimilative Crimes Act, 18 U.S.C. § 13. The incorporated state provisions were Colo.Rev.Stat.Ann. § 18–4–401, *as amended,* (Cum.Supp.1975), and Colo.Rev.Stat.Ann. § 18–1–106 (1973). Initially, the district court committed appellant to the custody of the Attorney General for 60 days for observation and study pursuant to the Youth Corrections Act, 18 U.S.C. § 5010(e). After completion of the observation period, appellant was sentenced under the Youth Corrections Act, 18 U.S.C. §§ 5010(b) and 5017(c), which provides for an indeterminate term of confinement up to four years and of conditional supervision up to six years. The incorporated Colorado sentencing statute, Colo.Rev.Stat.Ann. § 18–1–106, provides for a maximum imprisonment of twelve months and has no indeterminate sentencing provision.

Appellant appeals his sentence, contending it is illegal because he now stands sentenced to an indeterminate term of confinement up to four years which is beyond the twelve-month maximum provided under Colorado law.

Appellant bases his argument upon the language of the Assimilative Crimes Act, 18 U.S.C. § 13:

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and *subject to a like punishment.*

(Emphasis added.) Since the Assimilative Crimes Act provides that a defendant convicted under it shall be "subject to a like punishment" as if he had been convicted under the incorporated state statute, appellant argues that the district court erred in imposing an indeterminate sentence of confinement up to four years under the Youth Corrections Act.

The government with equal ardor relies upon the language of the Youth Corrections Act, 18 U.S.C. § 5010(b):

If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, *in lieu of the penalty of imprisonment otherwise provided by law,* sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter . . . .

(Emphasis added.) The government contends that the phrase "in lieu of the penalty of imprisonment" has some meaning and the inescapable conclusion is that the district court is granted the power to replace the penalty normally provided by law with the provisions of the Youth Corrections Act.

The problem is one of construing two statutes, neither enacted in any obvious contemplation of the other but each bearing upon the other when both are involved in the factual situation presented. In such circumstances we should seek a solution which avoids violence to the terms of either but which brings both into correlation, since to construe either in isolation from the other would thwart the intention of Congress.

The Supreme Court has aptly described the purpose of the Assimilative Crimes Act as a method of punishing a crime committed on government reservations "only in the way and to the extent that it would have been punishable if the territory embraced by the reservation remained subject to the jurisdiction of the state." *United States v. Press Publishing Co.,* 219 U.S. 1, 10, 31 S.Ct. 212, 214, 55 L.Ed. 65. The purpose of the sentencing provision of the Youth Corrections Act is "to permit federal judges in their discretion to provide . . . sentences . . . for treatment of youth offenders in line

with modern trends in penology which stress correctional rehabilitation rather than retributive punishment." *United States v. Vaught,* W.D.Mo., 355 F.Supp. 1348, 1350.

There is one solution which effectuates these two statutes without thwarting the intention of Congress. The Assimilative Crimes Act prohibits the district court from sentencing appellant to a term of imprisonment longer than the twelve-month maximum provided by the Colorado statute. Thus, the district court erred in sentencing appellant to an indeterminate period of confinement up to four years. However, the district court, in its discretion, may determine that the correctional rehabilitation provided for under the Youth Corrections Act would be more advantageous to appellant and society-at-large than retributive punishment. If that is the determination of the district court, then the district court may apply the provisions of the Youth Corrections Act to appellant with the stipulation that the maximum term of appellant's confinement cannot exceed the maximum term of imprisonment provided for by the applicable Colorado sentencing statute.

In this manner the two statutes are harmonized. It accords on the one hand with the intent expressed by the "in lieu" provision of the Youth Corrections Act, and on the other it does no violence to the "like punishment" provision of the Assimilative Crimes Act. Our interpretation gives effect to the reality of the situation and gives maximum comfort to the basic intent of Congress as contained in the cited statutes.

The sentence imposed by the district court is vacated and the matter is remanded for proceedings consistent with this opinion.