OPINION OF THE COURT
E. Leo Milonas, J.
The defendant was indicted on July 19, 1977 for six counts of criminal possession of a forged instrument in the second degree. He was previously convicted of having violated section 2313 of title 18 of the United States Code after a jury trial held in the United States District Court for the Southern District of New York in that he "unlawfully, wilfully and knowingly did receive, conceal, store and dispose of a motor vehicle, while it was moving as a part of, and constituting interstate commerce, to wit, a 1972 Ford, Vehicle Identification Number 2E684-134-207, knowing the same to have been stolen.” On January 3, 1974, the defendant was committed as *668 a young adult offender under section 5010 of title 18 of the United States Code of the Federal Youth Corrections Act. Imposition of sentence was suspended, and he was placed on probation for a period of one year. Ultimately, the defendant was discharged from probation, and his judgment of conviction was set aside pursuant to subdivision (b) of section 5021 of title 18 of the United States Code. He now moves to preclude use of this disposition as a prior felony conviction for purposes of section 70.06 of the Penal Law in the event that he is found guilty in the instant matter.
The penalty for violation of section 2313 of title 18 of the United States Code is a fine of not more than $5,000 or imprisonment of not more than five years or both. The comparable charge in New York State is criminal possession of stolen property in the first or second degree (Penal Law, § 165.50 or § 165.45, a class D or E felony), conviction of which would have rendered the defendant subject to treatment as a predicate felon upon a determination of guilt for any subsequent felony offense. However, since the proceedings were held in Federal court, he was eligible for consideration as a young adult offender under section 42 of title 18 of the United States Code, which provides that in the case of an individual who is between the ages of 22 and 25, inclusive, at the time of conviction: "if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such Act.”*
According to the People, the Federal Youth Corrections Act has no counterpart in State law. It is their contention that adjudication of a person in New York as a youthful offender (CPL art 720) is analogous to being prosecuted as a juvenile delinquent in the Federal courts under chapter 402 of title 18 of the United States Code (see United States v Canniff, 521 F2d 565, cert den sub nom. Benigno v United States, 423 US *669 1059). The defendant, who was 25 years old at the time of his conviction, would have been well past the age for sentence as a youthful offender, a special category, which in the opinion of the District Attorney, is distinguishable from the Federal system’s young adult offender classification in that it does not, unlike the latter, involve conviction for a crime. While this analysis is not one with which the court disagrees, it does not therefore necessarily follow that the defendant’s Federal disposition may be used to sentence him as a second felony offender if he is found guilty of the charges now confronting him.
Subdivision (b) of section 5021 of title 18 of the United States Code states that: "Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.”
Clearly, an accused who is deemed to be a young adult offender has been convicted of a crime. The dispute, however, arises over the legal implications of that person’s later being "unconditionally discharged” from probation and having his conviction "set aside.” Although there is no New York authority on the subject, courts in other jurisdictions are divided. In People v Loomis (231 Cal App 594), a California court declared that the defendant had been properly found guilty of the crime of possession of a pistol by one previously convicted of a felony when that prior conviction had been set aside under the Federal Youth Corrections Act. (See, also, People v Robinson, 1 Cal App 3d 555; United States v Canniff, supra, which allowed a conviction under this statute to be used to attack credibility at a later proceeding; Garcia-Gonzalez v Immigration & Naturalization Serv., 344 F2d 804; Hernandez-Valensuela v Rosenberg, 304 F2d 639, wherein aliens sentenced under the Federal Youth Corrections Act were held deportable; United States v McMains, 540 F2d 387; Fite v Retail Credit Co., 386 F Supp 1045.)
Opposed to this position are United States v Fryer (545 F2d 11); Mestre Morera v United States Immigration & Naturalization Serv. (462 F2d 1030) (barring deportation of a youth on the basis of a narcotics conviction for which he subsequently received a certificate of expunction pursuant to section 5021 of *670 title 18 of the United States Code), and Tatum v United States (310 F2d 854). In Fryer (supra), the defendant had pleaded guilty to illegal possession of firearms and to making a false statement to a Federally licensed seller of firearms in connection with the purchase of a firearm. Possession of firearms by a person having a felony conviction is prohibited by section 1202 (subd [a]), of title 18, Appendix, of the United States Code. The court vacated the conviction, holding that defendant’s previous conviction, which had been set aside under the Federal Youth Corrections Act, could not constitute a predicate for the firearms statutes.
This court concurs with the view expressed in Fryer. As the court there stated, the Federal Youth Corrections Act was aimed at the rehabilitation of young offenders. (See, also, Dorszynski v United States, 418 US 424; United States v Glasgow, 389 F Supp 217.) Its purpose was to provide young people with an opportunity to begin anew without encumbering them with the stigma of a criminal conviction. Certainly, Congress did not intend that the Federal Youth Corrections Act set aside convictions for some purposes but not for others. (United States v Fryer, supra; Mestre Morera v United States Immigration & Naturalization Serv., supra.) The words of subdivision (b) of section 5021 of title 18 of the United States Code are clear. Once an individual has been discharged from probation under this section, such discharge automatically sets aside the conviction. Consequently, the defendant’s motion is granted.

 Section 5006 of title 18 of the United States Code defines a "youthful offender” as a person under the age of 22 years at the time of conviction. Section 4209 enables the court, in appropriate circumstances, to apply the procedures authorized under chapter 402, to individuals who are 22 or older but have not yet reached the age of 26.