THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY WUNNENBERG, Defendant-Appellant.

Third District   No. 79-310

Opinion filed August 8, 1980.

BARRY, J., dissenting.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Stephen Landuyt, State's Attorney, of Oquawka (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendant, Gary Wunnenberg, pleaded guilty to three charges of unlawful delivery of a controlled substance, each being a Class 2 felony. The circuit court of Henderson County sentenced the defendant to three concurrent terms of imprisonment of 3½ years each. The only issue raised on this appeal is whether the trial court properly considered the defendant's prior conviction under the Federal Youth Corrections Act (hereinafter referred to as the Act) (18 U.S.C. §5005 et seq. (1976)) as one of the aggravating factors in imposing sentence.

At the defendant's sentencing hearing, the defense offered an exhibit pertaining to a prior Federal conviction of the defendant in Missouri. The conviction, entered in the United States District Court for the Western District of Missouri in 1969, resulted from the defendant's possession of counterfeit money. Following his conviction, the defendant was sentenced to probation under the Act. The judgment and conviction were later vacated because the defendant was discharged from probation early.

At the defendant's sentencing hearing in the present case, the defense counsel argued that the Missouri offense should not be treated as a prior conviction because of the ultimate disposition of the case. The State argued that the conviction should be considered and offered certified copies of the sentence order and the indictment. Both of these exhibits were admitted by the trial court.

In sentencing the defendant the court, in mitigation, found that imprisonment would be a hardship on the defendant's dependents, the defendant was likely to comply with the terms of probation, others facilitated the commission of the offenses and the Missouri case was remote in time. In aggravation, the court cited the defendant's record from Missouri, deterrence, the classification of cocaine, the dollar value of the three deliveries and the fact the defendant received compensation for the deliveries.

By appropriate motion the defendant sought a reduction in the sentence arguing the trial court had improperly considered the Missouri proceeding as an aggravating factor in determining sentence.

The defendant seeks a new sentencing hearing, contending the trial judge, in imposing sentence, improperly considered the prior Federal conviction, which was set aside under the Act, as an aggravating factor.

The State contends that the Act does not require expungement of a defendant's record, and, for that reason, the record of conviction may be considered as one of the aggravating factors.

The Federal Youth Corrections Act is designed to permit Federal judges to exercise their sentencing discretion to provide sentences which treat youthful offenders in line with modern trends in penology toward corrective rehabilitation rather than retribution. (*United States v. Dunn* (10th Cir. 1976), 545 F.2d 1281.) One of the benefits available to an offender sentenced under the Act is that, upon successful completion of the treatment program, he may have his conviction set aside. Section 5021(b) of the Act provides as follows:

> "Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect." 18 U.S.C. §5021(b) (1976).

The parties have argued to a significant extent about whether the Missouri proceeding should or should not be expunged. The defendant's argument includes the contention the proceeding should be expunged, and the People argue to the contrary. *United States v. Doe* (6th Cir. 1977), 556 F.2d 391, is a case directly dealing with the expungement issue, and it holds that in the absence of congressional directive the Act does not require or authorize expungement of the proceeding.

Were the issue raised on this appeal to depend on whether or not this proceeding was subject to expungement, we would conclude that it was not and the trial court acted properly. However, the fact remains there is no presently existing conviction in the Missouri proceeding, it having been vacated by a proper order of the court which had jurisdiction of the proceeding and which entered the judgment of conviction. Thus a significant question presented by this appeal is the effect on sentencing of a conviction which has been properly vacated.

■■ In Illinois a prior conviction which has been overturned on appeal or in collateral proceedings should not be considered by a court subsequently sentencing the defendant for another offense. (*People v. Chellew* (1974), 20 Ill. App. 3d 963, 313 N.E.2d 284; *People v. Marselle* (1974), 20 Ill. App. 3d 1012, 314 N.E.2d 21.) The major thrust of the rule as exemplified by the foregoing decisions is that a conviction once properly vacated no longer has the legal character of a conviction. To hold otherwise would mean that a conviction which has been vacated or set aside for whatever reason would have the same legal effect as an

unvacated conviction, a conclusion warranted neither by justice, reason or logic.

In reviewing Federal cases which have been called to our attention, some mentioning expungement and others not, the courts have uniformly held that the status of a defendant whose conviction has been vacated and set aside under the Act is not that of a convicted felon. (See, *e.g.*, *People v. Garcia* (1978), 93 Misc. 2d 667, 402 N.Y.S.2d 164; *United States v. Fryer* (N.D. Ohio 1975), 402 F. Supp. 831, *aff'd* (6th Cir. 1976), 545 F.2d 11, 14; *United States v. Glasgow* (D.C. Cir. 1975), 389 F. Supp. 217; *Mestre Morera v. United States Immigration & Naturalization Service* (1st Cir. 1972), 462 F.2d 1030; *Tatum v. United States* (D.C. Cir. 1962), 310 F.2d 854.) Illustrative of the holdings in these cases is the conclusion that a defendant whose conviction has been vacated may not be deported for having been convicted of a criminal offense (*Mestre Morera v. United States Immigration & Naturalization Service*), and that such a defendant does not have a felony conviction prohibiting the purchase of firearms (*United States v. Fryer*). These cases are consistent with the purpose of the Act to free defendants from any taint of a conviction under the Act.

■■ In summary, a conviction which has been legally vacated and set aside should not be given the same effect or, for that matter, any effect as an unvacated conviction. Any contrary holding as applied to the facts of this case would be contrary to the avowed purpose of the Act, which is to give a youthful offender an opportunity for rehabilitation. Accordingly, the trial court erred in considering the Missouri proceeding as an aggravating factor in determining the sentence to be imposed.

For the foregoing reasons the judgments of conviction entered by the circuit court of Henderson Courty are affirmed, but the sentences are vacated and these causes are remanded for reconsideration of the sentence to be imposed in accord with the views expressed in. this opinion.

Affirmed in part and reversed and remanded in part with directions.

STENGEL, J., concurs.

Mr. JUSTICE BARRY, dissenting:

I cannot agree with the majority opinion that the sentence of the defendant was improper because the trial court considered his prior unexpunged Federal conviction for which he was sentenced pursuant to the Federal Youth Corrections Act. I, therefore, respectfully dissent.

The defendant argues that 18 U.S.C. §5021(b) (1976), set forth in the majority opinion, authorizes expungement of this prior Missouri

conviction. The majority correctly concludes that the defendant's expungement argument must be rejected. In the absence of congressional directive, the Federal Youth Corrections Act does not authorize expungement of a youthful offender's record. *People v. Doe* (6th Cir. 1977), 556 F.2d 391.

However, the majority misapplies the law and misconstrues the facts of this case in holding that because the defendant's Missouri conviction has been vacated, the present record of that proceeding cannot be considered by the trial court in sentencing. The Federal Youth Corrections Act provides that the court may unconditionally discharge the youthful offender prior to the expiration of his probation and that the discharge shall automatically set aside the conviction. The Act further provides for the court to issue a certificate to the youthful offender to serve as evidence of the fact of the discharge. The Act does not specifically or by implication authorize expungement of defendant's record.

The majority opinion has relied upon several Federal cases which do not support either expungement or that the trial court cannot consider such a prior vacated conviction in sentencing. The majority wrongly relies upon *United States v. Fryer* (N.D. Ohio 1975), 402 F. Supp. 831, *aff'd* (6th Cir. 1976), 545 F.2d 11. *Fryer* held only that a prior conviction under the Act cannot be used to convict a defendant of violating either a statute which requires as an essential element a prior felony conviction or a statute which requires disclosure of a conviction when purchasing a firearm. The same court, in a later case, explained that its limited holding in *Fryer* meant only that the Act cannot be used to support sentencing of a defendant as a second offender, not that the Act mandates expungement. (*United States v. Doe* (6th Cir. 1977), 566 F.2d 391.) The majority's reliance upon *People v. Garcia* (1978), 93 Misc. 2d 667, 402 N.Y.S. 164, is likewise misplaced, because *Garcia* reached the same narrow holding as *Fryer*. In like manner, *United States v. Glasgow* (D.C. Cir. 1975), 389 F. Supp. 217, is not persuasive since the *Glasgow* court indicated in dictum only that the Act authorizes expungement as necessary to fulfill the statutory purpose.

While *Tatum v. United States* (D.C. Cir. 1962), 310 F.2d 854, and *Mestre Morera v. United States Immigration & Naturalization Service* (1st Cir. 1972), 462 F.2d 1030, provide some support for the defendant's position in dicta contained therein, I prefer to adopt the position of the later Federal cases which have ruled on the specific expungement issue. The *Doe* court provides one summary of the issue, as follows:

> "Though several courts, including this court in *Fryer, supra*, have referred to the Act as an expungement statute, none has ordered a record expunged. The Act is an expungement statute in that it

causes a conviction to be set aside or "annulled," see Webster's Third New International Dictionary (1971), once the district court exercises its discretion to grant a motion for early discharge from probation. This automatic effect of the discharge and the requirement of a certificate provide a unique shield from the prejudicial effects of a criminal conviction. However, there is no provision in the Act which authorizes or requires obliteration of the court record of conviction." *United States v. Doe* (6th Cir. 1977), 566 F.2d 391, 393.

Also reflecting the viewpoint that the Act does not authorize expungement is *United States v. McMains* (8th Cir. 1976), 540 F.2d 387. In *McMains* the court noted that the Act does not specifically provide for expungement, unlike other Federal statutes. For example, 21 U.S.C. §844(b)(2) (1976) contains a specific expungement provision for first offenders convicted of possession of controlled substances. The conclusion is reached, from a comparison of the language in the Act with that in similar Federal statutes, that Congress did not intend to authorize expungement in the Act because it failed to so provide in the statute's provisions, as acknowledged by the majority. Rather the Act provides for the issuance of a certificate to the offender upon the setting aside of a conviction, which militates against expungement, since no certificate would be necessary if records are to be expunged.

In the case at bar, the trial court considered both the prior record conviction and the certificate of discharge vacating the conviction. It is difficult to support the view that the prior Federal conviction is aggravating evidence because the admission of the certificate of discharge into evidence by the court is an extremely mitigating factor. In my opinion, the certificate of discharge being considered by the trial court in sentencing selectively neutralizes any adverse effect that the prior Federal conviction would have in the trial court's proper exercise of discretion. Furthermore, inferring a statutory right to expunge a conviction would be incongruous where there is no statutory right, in most cases, to expunge the record of an arrest that does not result in a prosecution. (*United States v. McMains* (8th Cir. 1976), 540 F.2d 387.) The *McMains* court surveyed the cases which had addressed the question of record expungement under the Act and found divergent viewpoints. However, in the one case which had directly confronted the issue, the court held that the Act did not authorize expungement. (*Fite v. Retail Credit Co.* (D. Mont. 1975), 386 F. Supp. 1045, *aff'd* (9th Cir. 1976), 537 F.2d 384.) A survey of other Federal cases indicates uniformity on the expungement question. *United States v. Hall* (S.D.N.Y. 1977), 452 F. Supp. 1008, and *United States v. Heller* (N.D. Ohio 1976), 435 F. Supp. 955, both hold that the Act does not authorize expungement. The holdings in these cases reflect the well-settled

principle that the Federal court's inherent power to expunge is narrow and limited and is not to be exercised routinely. (*People v. McMains* (8th Cir. 1976), 540 F.2d 387.) The expungement issue has been addressed and decided uniformly by the Federal courts. Following the decisions in those cases, I believe that the Act does not authorize expungement.

To further support his expungement argument, the defendant's brief analogized to two Illinois statutes which he contends are similar to the Act and which effectively call for removal of the defendant's conviction from his record. Section 19 of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 719) provides that a first offender found guilty of the possession or delivery of less than 30 grams of cannabis can be sentenced to a term of probation without the entry of a judgment against him. The court is required to discharge him and to dismiss the proceedings if the offender satisfies the term and conditions of probation. The defendant also urges that the effect of section 410 of the Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1410), which deals with first offenders and probation, similarly results in discharge and dismissal of the proceedings against the offender.

As the State's brief contends, however, the defendant's analogies are inapposite. The two Illinois statutory provisions cited by the defendant apply specifically to first offenders in drug offenses only, while the Act in the instant case pertains to youthful offenders in general. Secondly, the disposition of a case pursuant to section 5021(b) of the Act is to set aside a conviction, while under the Illinois statutory provisions, cited by the defendant, dispositions of cases are considered convictions only for purposes of appeal and for imposing probation conditions, not "for purposes of disqualification or disabilities imposed by law upon conviction of a crime." (Ill. Rev. Stat. 1977, ch. 56½, pars. 710(f), 1410(f).) Based on this comparison, it is clear, that the analogies urged by the defendant are not supportive of his position.

I conclude that neither the specific provisions of the Act nor the relevant case law interpreting the Act call for expungement. In addition, the analogies to Illinois statutory provisions cited by defendant did not compel an inference of expungement from the Act.

I believe that the trial court properly considered the prior Federal conviction under the Act in sentencing this defendant. Although the majority opines that under the Illinois cases of *People v. Chellew* (1974), 20 Ill. App. 3d 963, 313 N.E.2d 284, and *People v. Marselle* (1974), 20 Ill. App. 3d 1012, 314 N.E.2d 21, the trial court cannot consider a prior conviction in Illinois that has been overturned on appeal or successfully attached collaterally in subsequently sentencing a defendant, the present factual situation is not analogous. The present conviction of the defendant

was neither overturned on appeal nor successfully attacked in a collateral proceeding. It is a well-settled rule in Illinois that prior juvenile records may be used in aggravation and mitigation (Ill. Rev. Stat. 1977, ch. 37, par. 702—9(2); *People v. Powell* (1973), 53 Ill. 2d 465, 292 N.E.2d 409; *In re Mareno* (1976), 43 Ill. App. 3d 556, 357 N.E.2d 592), as may evidence of other alleged crimes prior to conviction (see *United States v. Grayson* (1978), 438 U.S. 41, 57 L. Ed. 2d 582, 98 S. Ct. 2610; *People v. Davis* (1976), 38 Ill. App. 3d 649, 348 N.E.2d 533). Further, I observe and submit that the defendant's prior conviction under the Federal Youth Corrections Act is more analogous to an Illinois juvenile court record than an Illinois adult conviction.

I believe the convictions and sentences imposed upon the defendant by the Circuit Court of Henderson County were proper and should be affirmed.