# Illinois Official Reports

## Appellate Court

*Hendricks v. Board of Trustees of the Police Pension Fund*,
2015 IL App (3d) 140858

| | |
|---|---|
| Appellate Court Caption | DAVID W. HENDRICKS, Plaintiff-Appellee, v. BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE CITY OF GALESBURG, and MIKE DeFOREST, in His Official Capacity as the President of the Board of Trustees of the Police Pension Fund of the City of Galesburg, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-14-0858 |
| Filed | August 24, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Knox County, No. 14-MR-3; the Hon. Scott Shipplett, Judge, presiding. |
| Judgment | Board's decision set aside and circuit court's judgment affirmed; cause remanded. |
| Counsel on Appeal | James L. Dobrovolny, Richard J. Reimer, and Evan J. Haim (argued), all of Reimer, Dobrovolny & Karlson, LLC, of Hinsdale, for appellants.<br><br>L. Lee Smith (argued), of Hinshaw & Culbertson LLP, of Peoria, for appellee. |

JUSTICE CARTER delivered the judgment of the court, with opinion.
Justices Holdridge and Lytton concurred in the judgment and opinion.


**OPINION**

¶ 1        Plaintiff, David W. Hendricks, a retired Galesburg police officer, filed a complaint in the trial court for administrative review of a decision of defendants, the Board of Trustees of the Galesburg Police Pension Fund and Mike DeForest in his official capacity as president of the Board of Trustees (collectively referred to as the Board), denying plaintiff's application for police retirement benefits. The Board found that plaintiff was disqualified from receiving retirement benefits because he had a prior job-related felony conviction, even though the prior conviction had been vacated by the trial court pursuant to article 40 of the Alcoholism and Other Drug Abuse and Dependency Act (20 ILCS 301/40-5 (West 2006)) (commonly referred to as the TASC statute). Upon administrative review, the trial court found that plaintiff was eligible for police retirement benefits and reversed the Board's decision. The Board appeals. We set aside the Board's decision and affirm the judgment of the trial court.

¶ 2                                          FACTS
¶ 3        The material facts in this case are not in dispute. After serving over 23 years as a Galesburg police officer, plaintiff resigned and retired in January 2007. A few months later, plaintiff was charged with three felony offenses relating to his work as a police officer, two counts of unlawful possession of cocaine (720 ILCS 570/402(a)(2)(A), (c) (West 2006)) and one count of official misconduct (720 ILCS 5/33-3(b) (West 2006)). The charges were based upon plaintiff having stolen drugs from the police evidence vault for his own personal use while he was a police officer. After it was found that plaintiff was qualified for TASC probation, plaintiff entered an open plea of guilty to two of the job-related felonies, the higher-level drug offense and the charge of official misconduct. The remaining charge was dismissed by the State pursuant to the plea. Following a sentencing hearing, plaintiff was sentenced to serve 30 months of TASC probation and 180 days in county jail, to pay fines, and to complete certain other conditions related to treatment. Although the issue was never raised, plaintiff was statutorily ineligible for TASC probation on the higher-level drug offense because that offense was for a violation of section 402(a) of the Illinois Controlled Substances Act, an offense which did not qualify for TASC probation under the TASC statute. See 20 ILCS 301/40-5 (West 2006). In anticipation of his successful completion of TASC probation, plaintiff subsequently filed a motion to vacate the two job-related felony convictions and to have the criminal proceedings against him dismissed as permitted, in the trial court's discretion, under the TASC statute. See 20 ILCS 301/40-10(e) (West 2006). In May 2013, after plaintiff's TASC probation had been completed successfully, plaintiff's motion to vacate the convictions and to dismiss the criminal proceedings was granted by agreement. Plaintiff later applied for retirement benefits from the Galesburg police pension fund.

¶ 4    The Board conducted a hearing on plaintiff's application in December 2013. Although plaintiff had received notice of the proceedings, he did not appear. At the hearing, the Board had before it various pieces of documentary evidence, which showed that plaintiff had pled guilty to the two job-related felony offenses, that he had been sentenced to TASC probation, and that the two convictions were later vacated by the trial court and the criminal proceedings dismissed based upon plaintiff's successful completion of TASC probation. In considering the matter, the Board found that plaintiff was ineligible for TASC probation on the higher-level drug offense, that the sentencing order was void as to that offense, that the subsequent order that vacated plaintiff's conviction for that offense pursuant to the TASC statute was also void, and that plaintiff's job-related conviction for that offense was still in effect. Based upon those findings, the Board concluded that plaintiff was disqualified from receiving police retirement benefits under section 3-147 of the Illinois Pension Code (40 ILCS 5/3-147 (West 2012)) and denied plaintiff's application for retirement benefits on that basis.

¶ 5    Plaintiff filed a complaint in the trial court for administrative review. The trial court found that plaintiff was eligible to receive police retirement benefits and reversed the Board's decision. The Board appeals.

¶ 6                                    ANALYSIS

¶ 7    On appeal, the Board argues that its ruling, denying plaintiff's application for retirement benefits from the police pension fund, was proper and should be upheld. In support of that argument, the Board asserts that: (1) its factual findings–that plaintiff was ineligible for TASC probation, that his sentencing order was void, that the subsequent order to vacate the conviction was also void, and that the conviction was still in effect–were not against the manifest weight of the evidence;[1,2] (2) its ruling was supported by the public policy underlying section 3-147 of the Pension Code to prevent wrongdoing public servants from receiving a pension funded by the taxpayers and from benefitting from their wrongdoing in public office; and (3) plaintiff forfeited any argument as to the effect of the order to vacate or as to the status of his prior conviction when he failed to appear before the Board for the hearing and failed to make those arguments to the Board.[3] For all of the reasons stated, the Board asks that we reverse the judgment of the trial court and that we confirm the Board's ruling, denying plaintiff's application for police retirement benefits.

¶ 8    Plaintiff argues that the Board's ruling was erroneous and that the trial court's reversal of the Board's ruling should be upheld. Plaintiff does not dispute that he was ineligible for

---

[1]We take no position on whether these findings were actually findings of fact, as the Board suggests.

[2]The conviction referred to here is to plaintiff's conviction for the higher-level drug offense. From this point forward, we will simply refer to it as the "conviction." The Board makes no claim as to the propriety of the order of TASC probation (or the subsequent order to vacate) as to the other job-related offense to which plaintiff pled guilty.

[3]The parties refer to this matter as one of "waiver." We will use the term "forfeiture," however, because we believe it is more applicable to the assertions that the parties are making. See *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 26 (forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right).

TASC probation for the prior job-related felony. Rather, plaintiff asserts that the Board has no standing to collaterally attack what happened in the criminal case or to determine for itself that plaintiff's prior felony conviction is still in effect when that conviction has been vacated by the proper legal entity–the trial court–and now no longer legally exists. According to plaintiff, allowing the Board to do so would usurp the function of the trial court, would deprive plaintiff of the benefit of his plea bargain in the criminal case at a time when he no longer has the ability to withdraw his guilty plea, would be contrary to the language of section 3-147 of the Pension Code and the mandate that the Pension Code be interpreted in favor of applicants, and would lead to far-reaching and unintended consequences whereby pension applicants would have the right to litigate the facts of their prior convictions before the Board. In addition, plaintiff asserts that: (1) there is no convincing legal authority to support the Board's claim that the TASC sentencing order and the vacation order are void, but that the felony conviction still remains; (2) any irregularities in the prior criminal case would merely render the orders in question voidable, rather than void, and not subject to collateral attack; (3) the legislature could have made it so that the pension disqualification provision was triggered by a plea of guilty to a job-related felony, rather than a conviction, but it chose not do so; and (4) there is no public policy that supports the Board's ruling as the case law demonstrates that courts have made their decisions on pension issues based upon the statutory language involved, rather than on a broad denial of benefits. Finally, as to the Board's claim of forfeiture, plaintiff asserts that no forfeiture occurred in the present case because the Board ruled upon and decided this very issue, regardless of whether plaintiff appeared at the hearing. Plaintiff also asserts that the Board's forfeiture argument has itself been forfeited because it was not raised by the Board before the trial court, and, in the alternative, that forfeiture does not limit this court's ability to rule upon this issue, if it so chooses.

¶ 9    In cases such as the present case involving administrative review, the appellate court reviews the decision of the administrative agency, not the determination of the trial court. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531 (2006). The standard of review that applies on appeal is determined by whether the question presented is one of fact, one of law, or a mixed question of fact and law. *Id*. at 532. As to questions of fact, the agency's decision will not be reversed on appeal unless it is against the manifest weight of the evidence. *Id*. Questions of law, however, are subject to *de novo* review, and mixed questions of fact and law are reviewed under the clearly erroneous standard. *Id*. Regardless of which standard of review applies, the plaintiff in an administrative proceeding bears the burden of proof and will be denied relief if he or she fails to sustain that burden. *Id*. at 532-33.

¶ 10    In the present case, the parties disagree on the appropriate standard of review to be applied in this appeal. The Board asserts that the question before us is a question of fact, or, at the very least, a mixed question of fact and law. Thus, the Board contends that the appropriate standard of review in this appeal is the manifest weight standard or, alternatively, the clearly erroneous standard, and that the applicable level of discretion should be given to the Board's ruling. See *id*. at 532; *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 142-43 (2006). Plaintiff, on the other hand, argues that the question before us is purely a question of statutory interpretation and that the appropriate standard of review for this appeal

- 4 -

is *de novo*. See *Ryan v. Board of Trustees of the General Assembly Retirement System*, 236 Ill. 2d 315, 319 (2010).

¶ 11 Although we recognize that the case law on this issue is not entirely consistent, we agree with plaintiff that the issue before us is one of statutory interpretation and that the appropriate standard of review, therefore, is *de novo*. See *id*. In reaching that conclusion, we note that the issue in this case is very similar to the issue in *Ryan*, where the supreme court was called upon to determine whether the former governor's entire state pension was forfeited under a pension disqualification statute. See *id*. at 317. Our supreme court commented that the facts in that case were not in dispute, much as in the present case, and that the issue was one of statutory construction. See *id*. at 319. We reach the same conclusion here. In applying a *de novo* standard of review in this appeal, we are mindful that although the Board's interpretation of the statute is not binding upon us, it is still relevant for us to consider in making our decision. See *Schiller*, 221 Ill. 2d at 142.

¶ 12 Having determined the appropriate standard of review, we now take a moment to comment briefly upon the Board's forfeiture argument, which we find unpersuasive. Even though plaintiff did not appear before the Board for the hearing, the issue raised in this appeal was clearly before the Board when it made its decision and was thoroughly discussed by the Board in reaching its ruling. We, therefore, reject the Board's assertion that this issue has been forfeited. See 735 ILCS 5/3-110 (West 2012); *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 390 (2001). Our review of the Board's decision in this case extends to all questions of law and fact presented by the entire record established in the hearing before the Board. See *id*.

¶ 13 Turning to the merits, the specific issue raised in this appeal is whether plaintiff's prior job-related felony conviction, which was vacated before plaintiff applied for police pension benefits, disqualifies plaintiff from receiving his police pension under section 3-147 of the Pension Code. Section 3-147 states, in pertinent part, that "[n]one of the benefits provided in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with his or her service as a police officer." 40 ILCS 5/3-147 (West 2012). The purpose of section 3-147 and other public pension disqualification statutes is to " 'discourage official malfeasance by denying the public servant convicted of unfaithfulness to his trust the retirement benefits to which he otherwise would have been entitled.' " *Ryan*, 236 Ill. 2d at 322 (quoting *Kerner v. State Employees' Retirement System*, 72 Ill. 2d 507, 513 (1978)). There is no dispute in this case that plaintiff's prior conviction was for a job-related felony that would have otherwise disqualified him from retirement benefits under section 3-147. The only question that remains is whether the disqualification statute applies when the conviction at issue has been vacated by the trial court. In other words, as a matter of statutory interpretation, is plaintiff a person who "is convicted" of a job-related felony as provided for in section 3-147 of the Pension Code.

¶ 14 The principles of statutory interpretation are well established. The fundamental rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Id*. at 319. The most reliable indicator of that intent is the language of the statute itself. *Id*. In determining the plain meaning of statutory language, a court will consider the statute in its entirety, the subject the statute addresses, and the apparent intent of the legislature in enacting the statute. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009); 5 ILCS 70/1.01 (West 2012) (in construing a statute, "[a]ll general provisions, terms, phrases and expressions shall be

liberally construed in order that the true intent and meaning of the General Assembly may be fully carried out"). If the statutory language is clear and unambiguous, it must be applied as written, without resorting to further aids of statutory interpretation. *Ryan*, 236 Ill. 2d at 319. A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent. *Id.* In addition, as the plaintiff correctly notes, pension statutes are to be liberally construed in favor of the rights of pensioners. *Matsuda v. Cook County Employees' & Officers' Annuity & Benefit Fund*, 178 Ill. 2d 360, 365-66 (1997).

¶ 15      In our opinion, the statutory language of section 3-147 of the Pension Code is clear and unambiguous. The police pension disqualification provision only applies if the applicant stands convicted of a job-related felony. See 40 ILCS 5/3-147 (West 2012). In this case, however, plaintiff's prior job-related felony conviction was vacated by the trial court, the proper entity for doing so.[4] Once the prior conviction was vacated, it no longer had the legal character or effect of a conviction. See *People v. Wunnenberg*, 87 Ill. App. 3d 32, 34 (1980). To rule otherwise "would mean that a conviction which has been vacated or set aside for whatever reason would have the same legal effect as an unvacated conviction, a conclusion warranted neither by justice, reason or logic." *Id.* at 34-35.

¶ 16      The Board, as a third party to the criminal proceedings, has no standing to challenge the initial sentencing order or the subsequent vacation order entered by the trial court in those proceedings. See *McClure v. Ashcroft*, 335 F.3d 404, 411-12 (5th Cir. 2003). Thus, the void sentence rule and cases such as *People v. Simmons*, 256 Ill. App. 3d 651, 652-53 (1993) (on direct appeal in a criminal case, the appellate court held that the defendant's underlying probation order was void and that the orders that were subsequently entered related thereto, which revoked the defendant's probation and resentenced the defendant to a prison term, were also void), which are relied on heavily by the Board, lend no support to the Board's position here. This is not the criminal case. The proper entity in the criminal case–the trial court–vacated the prior conviction, and the Board does not have the ability to decide for itself whether that vacation order was correct or whether it will honor that order in determining whether plaintiff is eligible for retirement benefits. See *McClure*, 335 F.3d at 411-12. In our system of jurisprudence, entities outside of the court system do not generally have the authority or jurisdiction to judge the validity of individual court decisions. See *id.*

¶ 17      The pension qualification provision contained in section 3-147 only applies to a person who "is convicted" of a job-related felony. There is currently no language in section 3-147 or in the Pension Code itself that would make the disqualification provision apply to a conviction that has been vacated by the trial court, and we cannot read such an exception or limitation into the clear and unambiguous language of the statute. See *Ryan*, 236 Ill. 2d at 319. Although we are mindful that the situation before the Board was an unusual one, the Board does not have the authority to judge the correctness of the trial court's order.

_____

[4]Although the parties spend a great deal of time in their appellate briefs arguing over whether convictions were entered in the underlying criminal case and when they were entered, we do not believe that those matters are dispositive of the issue before us. It is clear from the record that at some point during the criminal proceedings, plaintiff was convicted of the two prior job-related felonies, was sentenced to TASC probation, and that the convictions were later vacated by the trial court as permitted under the TASC statute.

Therefore, we are compelled to conclude that the Board's ruling was erroneous. Having done so, we need not address the other assertions made by the parties in support of their arguments.

¶ 18                                           CONCLUSION

¶ 19        For the foregoing reasons, we are compelled to set aside the Board's decision, denying plaintiff's application for police retirement benefits; we affirm the judgment of the circuit court of Knox County, ordering the Board to grant plaintiff the police retirement benefits to which he is entitled; and we remand this case to the Board for further proceedings consistent with our decision.

¶ 20        Board's decision set aside and circuit court's judgment affirmed; cause remanded.