# Illinois Official Reports

## Appellate Court

---

### *Hosey v. City of Joliet*, 2019 IL App (3d) 180118

---

| | |
|---|---|
| Appellate Court Caption | JOSEPH HOSEY, Plaintiff-Appellant, v. THE CITY OF JOLIET, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-18-0118 |
| Filed | March 6, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 17-MR-1334; the Hon. John C. Anderson, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | John V. Schrock, of Plainfield, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Marie Quinlivan Czech, Assistant State's Attorney, of counsel), for appellee. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justices Lytton and Wright concurred in the judgment and opinion. |

# OPINION

¶ 1    Plaintiff, Joseph Hosey, submitted four Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2016)) requests to obtain videotaped police interviews of several individuals; defendant, City of Joliet (City), denied the requests. The Illinois Attorney General was asked to review the denials and determined that plaintiff was entitled to the videotapes. When the City still failed to process his requests, plaintiff filed a complaint for injunctive relief in the circuit court. Thereafter, both parties filed motions for summary judgment. The trial court granted summary judgment in favor of the City and against Hosey, finding that (1) section 103-2.1(g) of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/103-2.1(g) (West 2016)) prohibits disclosure by the City in this case and (2) the City failed to establish its defenses under FOIA that (a) the disclosure constituted an invasion of personal privacy and (b) the disclosure was unduly burdensome. Plaintiff appealed. We affirm.

¶ 2                                      FACTS

¶ 3    On January 4, 2016, plaintiff Hosey, a reporter for the Joliet Patch, submitted four FOIA requests to obtain the 2013 videotaped police interviews of murder suspects Alisa Massaro, Adam Landerman, Bethany McKee, and Joshua Miner. Since the requests were made, this court has filed decisions in *People v. Miner*, 2017 IL App (3d) 140897-U, *People v. McKee*, 2017 IL App (3d) 140881, and *People v. Landerman*, 2018 IL App (3d) 150684. Defendant City denied Hosey's request pursuant to section 7(1)(c), (1)(d)(i), and (1)(d)(iv) of FOIA (5 ILCS 140/7(1)(c), (1)(d)(i), (1)(d)(iv) (West 2016)), claiming unwarranted invasion of personal privacy, interference with actual or pending law enforcement proceedings, and disclosure of confidential source or information, respectively.

¶ 4    Hosey sought review by the Illinois Attorney General of the denials. That office determined that Hosey was entitled to the videotapes listed in the FOIA request because the City, in violation of section 9.5(c) of the FOIA (*id.* § 9.5(c)), failed to comply with the Attorney General's request for a copy of the recordings and a written explanation for asserting the exemptions in denying Hosey's FOIA request. The City never provided Hosey with the videotaped police interviews.

¶ 5    Subsequently, Hosey filed a complaint for injunctive relief, attorney fees, and a civil penalty for the denial of his FOIA request. The City filed an answer and affirmative defenses, arguing that (1) responding to the request would be unduly burdensome to the City and outweighs public interest in the records and (2) the disclosure would be an "unwarranted invasion of personal privacy." Thereafter, the parties filed cross motions for summary judgment. The City argued that Hosey's claims should be dismissed based on the two affirmative defenses it had raised in its answer and also asserted for the first time that it was exempted under section 7(1)(a) of the FOIA (*id.* § 7(1)(a)) from disclosing the videotapes because their disclosure was prohibited by section 103-2.1(g) of the Criminal Code (725 ILCS 5/103-2.1(g) (West 2016)). In Hosey's motion for summary judgment, he alleged that (1) the City could not prove by clear and convincing evidence that his request should be denied in accordance with the FOIA, (2) his request does not constitute an invasion of personal privacy, and (3) the production of the videotapes would not be unduly burdensome because the videotapes were previously produced during the suspects' trial and the videotapes do not require "extensive searching or reproduction."

¶ 6        The trial court granted summary judgment in favor of the City and against Hosey, determining that (1) the City failed to show how disclosing the videotapes constituted an invasion of personal privacy; (2) the City failed to establish that disclosing the videotapes would be an undue burden; and (3) although there are contextual and policy arguments that support Hosey's rationale for disclosure, the plain language of section 103-2.1(g) of the Criminal Code indicates that the word "accused" is not situational and that the videotapes are exempt from public inspection because the defendants depicted in the videotapes were "accused" at the time of the interrogation. Hosey appealed.

¶ 7                                              ANALYSIS

¶ 8        On appeal, Hosey challenges the trial court's grant of the City's summary judgment motion on the basis that the requested videotapes were exempt under the Criminal Code from inspection and production. Summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Morris v. Margulis*, 197 Ill. 2d 28, 35 (2001). Summary judgment can aid in the expeditious disposition of a lawsuit, but it is a drastic measure and should be allowed only when the right of the moving party is clear and free from doubt. *Id.* If the plaintiff fails to establish any element of his claim, summary judgment is appropriate. *Id.* The standard of review for a motion for summary judgment is *de novo*. *Id.*

¶ 9        Under the FOIA, public records are presumed to be open and accessible. *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390, 415 (2006). "Based upon the legislature's clear expression of public policy and intent set forth in section 1 of the FOIA that the purpose of that Act is to provide the public with easy access to government information, *** the FOIA is to be accorded liberal construction to achieve this goal." (Internal quotation marks omitted.) *Id.* at 416. "[T]he exceptions to disclosure set forth in the FOIA are to be read narrowly so as not to defeat the FOIA's intended purpose." *Id.* "[W]hen a public body receives a proper request for information, it must comply with that request unless one of the narrow statutory exemptions set forth in section 7 of the [FOIA (5 ILCS 140/7 (West 1998))] applies." (Internal quotation marks omitted.) *Id.* at 417. If the denial is challenged in court, the public body has the burden of proving that the records in question fall within the exemption it has claimed. *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 408 (1997). This court reviews *de novo* whether the denial is proper under the FOIA. *Chicago Tribune Co. v. Department of Financial & Professional Regulation*, 2014 IL App (4th) 130427, ¶¶ 25-26.

¶ 10       First, Hosey argues that section 103-2.1(g) does not apply in this case because the word "accused" within section 103-2.1(g) is defined as "one charged with an offense" and the defendants were no longer "accused" when the FOIA request was made. Hosey claims that this interpretation of section 103-2.1(g) is supported by the language in section 103-2.1(c) of the Criminal Code (725 ILCS 5/103-2.1(c) (West 2016)) which states, "Every electronic recording made under this Section must be preserved until such time as the defendant's conviction for any offense relating to the statement is final and all direct and habeas corpus appeals are exhausted, or the prosecution of such offenses is barred by law." Hosey claims that if this court were to accept the City's interpretation of section 103-2.1(g), it would cause an absurd and unjust result because all recordings of custodial interrogations would be exempt from public inspection. Citing *Lieber*, 176 Ill. 2d at 408, Hosey asserts that the City was required to give a

written notice specifying the basis for the denial, and he concludes that the City has forfeited this issue because it did not include the specific exemption on which it now relies in the denial letter.

¶ 11 The City responds that, under *Chicago Tribune Co.*, 2014 IL App (4th) 130427, ¶ 26, a public body does not waive exemptions that are not claimed in the initial denial letter. Furthermore, the City claims that the purpose of the Criminal Code to protect the rights of the accused does not end once the defendant is convicted. Therefore, the City asserts that because the videotapes were made during the custodial interrogations of persons who were criminally accused at the time of their making, the plain language of section 103-2.1(g) exempts their disclosure. The City alleges that if this court adopts Hosey's interpretation, it would be reading an exception into the statute that the legislature did not express. Also, the City alleges that Hosey's argument that the defendants are no longer "accused" fails because one of the defendants, Landerman, still had a case pending before this court that might have been remanded for a new trial.

¶ 12 As a preliminary matter, we address Hosey's waiver argument. In *Chicago Tribune Co.*, the Fourth District held that the defendant did not waive its claim that the trial court erred in granting summary judgment when the defendant failed to assert all of its grounds in the initial FOIA denial letter. *Id.* The court in that case relied on the ruling in *Kopchar v. City of Chicago*, 395 Ill. App. 3d 762, 770 (2009), in which the First District held that the defendant's reliance on additional exemptions in its summary judgment motion that were not referenced in the FOIA denial letter were not waived. The ruling in *Lieber* that a party is required to list the bases for its denial in a written letter does not contradict this established principle. Therefore, we find that the City's reliance on section 103-2.1(g) is not waived.

¶ 13 Turning to the parties' arguments concerning the interpretation of section 103-2.1(g) and its insulation from disclosure under the FOIA, we are guided by the principles of statutory construction. *Southern Illinoisan*, 218 Ill. 2d at 415. The primary objective of this court when construing the meaning of a statute is to ascertain and give effect to the intent of the legislature. *Id.* In determining legislative intent, our inquiry begins with the plain language of the statute, which is the most reliable indication of the legislature's objectives in enacting a particular law. *Id.* A fundamental principle of statutory construction is to view all provisions of a statutory enactment as a whole. *Id.* In construing a statute, we presume that the legislature, in its enactment of legislation, did not intend absurdity, inconvenience, or injustice. *Id.* A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent. *Hendricks v. Board of Trustees of the Police Pension Fund*, 2015 IL App (3d) 140858, ¶ 14.

¶ 14 Section 7(1)(a) states that a request is exempt from inspection and copying when the information is specifically prohibited from disclosure by federal and state law or rules and regulations implementing federal and state law. 5 ILCS 140/7(1)(a) (West 2016). Section 103-2.1(g) states:

> "Any electronic recording of any statement made by an accused during a custodial interrogation that is compiled by any law enforcement agency as required by this Section for the purposes of fulfilling the requirements of this Section shall be confidential and exempt from public inspection and copying, as provided under Section 7 of the Freedom of Information Act, and the information shall not be

transmitted to anyone except as needed to comply with this Section." 725 ILCS 5/103-2.1(g) (West 2016).

¶ 15    Based on the clear language of section 103-2.1(g), the Criminal Code prohibits the transmission of *any* electronic recording of *any* statement made by an accused during a custodial interrogation that is compiled by any law enforcement. See *id.* Here, the defendants, who were accused at the time the police conducted a custodial interrogation, made videotaped statements to the police that were compiled by the Joliet Police Department. To accept Hosey's interpretation that section 103-2.1(g) is no longer applicable when the defendants are no longer accused would read into it an element that the legislature did not include—specifically that the videotape loses its confidential and exempt status upon conviction or exoneration of the accused. This leaves open the troubling possibility of the public disclosure of sensitive or embarrassing personal information, particularly that of an innocent person, that would not have been revealed but for the threat of prosecution of a crime. The right to so modify a statute belongs to the legislature, not the courts. In addition, the City's interpretation of the word "accused" conforms to the Criminal Code's purpose to "[p]rovide for the just determination of *every* criminal proceeding by a fair and impartial trial *and an adequate review*." (Emphases added.) *Id.* § 101-1(d). The appeal of at least one of the defendants was still pending before this court at the time this appeal was filed, and we have no knowledge that any of the defendants have exhausted their rights to appeal. For both of these reasons, we find that the subjects of Hosey's requests are confidential under section 103-2.1(g) and, therefore, exempt from disclosure under section 7(1)(a) of the FOIA (5 ILCS 140/7(1)(a) (West 2016)).

¶ 16    The City continues to argue in this appeal that the videotapes are exempt from disclosure because they constitute a "clearly unwarranted invasion of personal privacy" under section 7(1)(c) of the FOIA (*id.* § 7(1)(c)) and that their production was excused as unduly burdensome under section 3(g) of the FOIA (*id.* § 3(g)). The trial court ruled in favor of Hosey on both of these claims. We decline to address either claimed exemption because our finding on the Criminal Code's prohibition against production of the videotaped statements is dispositive of this case. See *Woodard v. Krans*, 234 Ill. App. 3d 690, 699 (1992) (a reviewing court may affirm on any basis appearing in the record).

¶ 17    Finally, the City generally claims that the FOIA request is also exempt under section 7(1)(b), (1)(d)(iii), (1)(d)(iv), and (1)(d)(v). 5 ILCS 140/7(1)(b), (1)(d)(iii)-(v) (West 2016). However, the City alleges that "[i]n order to determine to what extent these exemptions are applicable to any portion of the videotaped interrogation, the City's staff would have to review 88 hours of video and redact the exempt portions." We reject the City's argument as it is not fully developed and the City failed to provide evidence to support its argument. Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017) ("The appellant's brief shall contain *** Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on.").

¶ 18                                                    CONCLUSION

¶ 19    The judgment of the circuit court of Will County finding that the videotaped statements at issue in this appeal were exempted by section 103-2.1(g) of the Criminal Code (725 ILCS 5/103-2.1(g) (West 2016)) from public disclosure pursuant to a FOIA request is affirmed.

¶ 20            Affirmed.