2019 IL App (1st) 190078
Order filed: September 27, 2019

FIRST DISTRICT
Fifth Division

No. 1-19-0078

| | | |
|---|---|---|
| FIFTH THIRD BANK, as Successor by Merger to MB Financial Bank, N.A., | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 15 CH 3119 |
| v. | ) ) | Honorable |
| BYRON T. BRAZIER, a/k/a Byron T. Brazier Jr., a/k/a Bryon Braizer, | ) ) ) | William B. Sullivan, Judge, presiding. |
| Defendant-Appellant. | ) ) | |

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Delort concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant-appellant, Byron T. Brazier, a/k/a Byron T. Brazier Jr., a/k/a Bryon Braizer,

appeals from the entry of summary judgment against him with respect to a claim that he

breached a promissory note (note) originally executed in favor of Heritage Community Bank

(Heritage). Defendant argues that the circuit court erred in finding that the 10-year statute of

limitations for actions on promissory notes applied to this suit (735 ILCS 5/13-206 (West 2016))

rather than the 5-year statute for actions on unwritten contracts (*Id.* § 13-205). For the following

reasons, we affirm.[1]

¶ 2                              I. BACKGROUND

¶ 3    On November 22, 2004, Heritage and defendant entered into an original $100,000 loan

agreement, evidenced by the note and secured by a mortgage. The note identified defendant as

the borrower and Heritage as the lender and set forth the terms of the loan, including defendant's

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

obligation to pay principal and interest. Defendant promised to pay to Heritage, "or order," the principal and interest and was required to make monthly payments of accrued, unpaid interest. The note also provided that defendant was to pay the loan on demand, or by November 22, 2006, if no prior demand was made.

¶ 4 The terms of the original note were modified in writing on three separate occasions, with the first modification increasing the loan amount to $150,000. The maturity date was also extended with each modification, with the final modification extending the maturity date to February 22, 2008. The original note specifically provided: "The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender [Heritage] and its successors and assigns." Each of the subsequent modifications provided: "this Agreement shall be binding upon and inure to the benefit of the parties, their successors and assigns."

¶ 5 On February 27, 2009, the Illinois Department of Financial and Professional Regulation, Division of Banking, took control of Heritage and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver. On that same date, a "Whole Bank Purchase and Assumption Agreement" (Purchase Agreement) was executed by and among the FDIC, the FDIC as receiver, and MB Financial Bank, N.A. (MB). Thereby, MB acquired its interest in the note and defendant's mortgage.

¶ 6 On February 23, 2015, MB filed a mortgage foreclosure action against defendant and others. Defendant's motion to dismiss the complaint as being time-barred, pursuant to the five-year statute of limitations contained in section 13-205 of the Code of Civil Procedure (Code) (735 ILCS 5/13-205 (West 2014)), was denied. Defendant thereafter answered the foreclosure complaint. As an affirmative defense, defendant asserted that the action was time-barred under

the five-year statute of limitations contained in section 13-205 of the Code. In answers to requests for admission, MB admitted that the only parties specifically identified in the note are defendant and Heritage and further admitted that the foreclosure case was filed "seven years and one day after the loan" became due and payable.

¶ 7    Defendant then moved for summary judgment, arguing that the foreclosure action was time-barred. Specifically, defendant contended that, because MB was not identified in the original note or any of the modifications thereto and only obtained its interest in the note after the final modification was executed, the note was an unwritten contract subject to the five-year statute of limitations contained in section 13-205 of the Code. In response, MB argued for the application of the 10-year statute of limitations for written contracts, and in particular for promissory notes, contained in section 13-206 of the Code. MB pointed out that the mortgage and note, although not specifically naming MB, specifically granted rights to Heritage its "successors and assigns." The circuit court denied defendant's summary judgment motion, stating "[t]here clearly is a genuine issue of material fact at a minimum as to the question of statute of limitations."

¶ 8    On August 7, 2017, MB obtained leave to file an amended complaint. Two days later, MB, as successor in interest to Heritage, filed an amended complaint containing a single count against defendant only alleging defendant's breach of the note and the subsequent modifications. MB alleged that defendant's loan matured on February 22, 2008, with an unpaid principal balance of $141,738.51, and an unsuccessful demand for payment was made upon defendant upon maturity. Defendant answered the amended complaint on September 5, 2017, and asserted as an affirmative defense that the action was time-barred because it was not filed within five years of the note becoming due and payable, as required by section 13-205.

¶ 9     On November 20, 2017, MB moved for summary judgment on its amended complaint, arguing in part that the 10-year statute of limitations contained in section 13-206 applied rather than the 5-year statute of limitations contained in section 13-205. During the hearing on the motion, defendant reminded the circuit court that when denying his motion for summary judgment on the original mortgage foreclosure complaint, the court found the existence of "a genuine issue of material fact at a minimum." The court responded that its finding of a genuine issue of material fact "was with regard to your [defendant's] motion only. I haven't made that ruling with regard to this [MB's] motion." The circuit court granted MB's motion for summary judgment, finding that the 10-year statute of limitations applied and that there was no genuine issue of material of fact with regard to the statute of limitations.

¶ 10    Defendant's subsequent motion to reconsider was denied, and a final judgment in favor of MB, including an award of attorney fees and costs, was entered on December 11, 2018. Defendant timely appealed. In an order entered on June 20, 2019, plaintiff-appellee, Fifth Third Bank, as successor by merger to MB (Fifth Third), was substituted as the plaintiff in this matter, following its merger with MB.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant argues that the circuit court erred in granting summary judgment in favor of plaintiff. He maintains the five-year statute of limitations for oral contracts applies to bar this action and the circuit court "reached conflicting and irreconcilable conclusions in the two motions in which defendant's five-year affirmative defense were at issue." Plaintiff responds that the 10-year statute for written contracts, including promissory notes, applies here, as it is more specific and because the note implicitly refers to plaintiff as one of the successors and assigns of Heritage, the lender identified in the original note and the modifications.

¶ 13 Summary judgment is properly granted where the pleadings, depositions, and admissions on file, together with any affidavits, indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018). The purpose of summary judgment is not to answer a question of fact but to determine whether one exists. *Ballog v. City of Chicago*, 2012 IL App (1st) 112429, ¶ 18. The court must examine the evidence in the light most favorable to the nonmoving party (*Pavlik v. Wal-Mart Stores, Inc.*, 323 Ill. App. 3d 1060, 1063 (2001)) and must construe the material strictly against the movant and liberally in favor of the nonmovant (*Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995)). Although a drastic means of disposing of litigation, summary judgment is, nonetheless, an appropriate measure to expeditiously dispose of a suit when the moving party's right to the judgment is clear and free from doubt. *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009). When reviewing an order granting summary judgment, "we conduct a *de novo* review of the evidence in the record." *Espinoza*, 165 Ill. 2d at 113. The appellate court reviews the judgment of the circuit court and not the reasons given for that judgment, and we may therefore affirm the circuit court based on any reason found in the record. *Mitchell v. Village of Barrington*, 2016 IL App (1st) 153094, ¶ 26.

¶ 14 The parties' contentions as to the applicable statute of limitations also present a question of statutory interpretation, an issue we also review *de novo*. *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 294 (2010). The rules applicable to this task are well-established and were summarized in *Hendricks v. Board of Trustees of the Police Pension Fund*, 2015 IL App (3d) 140858, ¶ 14:

"The fundamental rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. [Citation.] The most reliable indicator of that intent is the

language of the statute itself. [Citation.] In determining the plain meaning of statutory language, a court will consider the statute in its entirety, the subject the statute addresses, and the apparent intent of the legislature in enacting the statute. [Citations.] If the statutory language is clear and unambiguous, it must be applied as written, without resorting to further aids of statutory interpretation. [Citation.] A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent."

However, "[w]hen a statute is ambiguous, we look to aids of statutory construction, including legislative history." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 38.

¶ 15    "[A] statute of limitations governs the time within which lawsuits may be commenced after a cause of action accrued." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 61 (2006). The purpose of a statute of limitations is to encourage diligence in bringing suit. *Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257, 265-66 (2001).

¶ 16    Here, defendant calls for application of section 13-205 of the Code, which in relevant part provides: "actions on unwritten contracts, expressed or implied *** shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (West 2016). In contrast, plaintiff contends that the circuit court correctly applied section 13-206 of the Code, which in relevant part provides: "actions on bonds, *promissory notes*, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing *** shall be commenced within 10 years next after the cause of action accrued; but if any payment or new promise to pay has been made, in writing, on any bond, *note*, bill, lease, contract, or other written evidence of indebtedness, within or after the period of 10 years, then an action may be commenced thereon at

any time within 10 years after the time of such payment or promise to pay." (Emphases added.) *Id.* § 13-206.

¶ 17    Neither party disputes that the note, including the subsequent modifications, constitutes a "promissory note." We agree, as by including defendant's unconditional promise to pay a fixed amount of money, with specified interest, by being payable to Heritage or "to order" on demand or at a definite time and by not stating any other undertaking or instruction by defendant to do any act in addition to the payment of money, the note satisfies all the requirements of a "negotiable instrument" under section 3-104(a) of the Uniform Commercial Code (UCC). 810 ILCS 5/3-104(a) (West 2018). Amendments to both the Code and the UCC passed by the legislature in 1997 specifically transferred the relevant statute of limitations for causes of action on negotiable promissory notes from section 3-118 of the UCC to section 13-206 of the Code. Pub. Act 90-451 (eff. July 1, 1998) (amending 810 ILCS 5/3-118 and 735 ILCS 5/13-206); *Sadler v. Service*, 406 Ill. App. 3d 1063, 1066-68 (2011).

¶ 18    As such, and considering the Code in its entirety, the clear and unambiguous statutory language cited above clearly indicates that section 13-206—which specifically refers to actions on promissory notes—provides the applicable statute of limitations. *Hendricks*, 2015 IL App (3d) 140858, ¶ 14. To find otherwise would improperly "depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent." *Id.* To the extent there is any possible ambiguity, the above referenced legislative history also supports this conclusion. *Mitchell*, 2014 IL 116311, ¶ 38.

¶ 19    Even if we found some merit in defendant's contentions to the contrary and concluded that section 13-205 could *arguably* also apply here, where two statutes of limitations arguably apply to the same cause of action the one "that more specifically relates to the action must be

applied." *Newell v. Newell*, 406 Ill. App. 3d 1046, 1049 (2011). Section 13-206 of the Code—the only section to specifically reference promissory notes—clearly contains the more specific statute of limitations.

¶ 20   In arguing for a contrary result, defendant asserts that "[a]n exception to the ten-year statute of limitations for written contracts *** exists when the written contract is considered unwritten or oral for the purposes of applying the five-year statute for unwritten contracts." In support of this contention, defendant cites to *Brown v. Goodman*, 147 Ill. App. 3d 935, 939 (1986), which recognized that:

> "For statute of limitations purposes, a contract is considered to be written if all the essential terms of the contract are in writing and are ascertainable from the instrument itself. [Citations.] If parol evidence is needed to make the contract complete, then the contract is treated as being oral under the statute of limitations."

Further, noting that neither MB nor Fifth Third are named in the note or the modifications, defendant contends that application of the limitation provision contained in section 13-206 to this case is improper because "a contract cannot be said to be in writing unless the parties thereto, as well as the terms and provisions thereof, can be ascertained from the instrument itself. Thus, where parol evidence must be resorted to show the existence of a contractual relationship between the plaintiff and the defendant, the five-year statute rather than the 10-year statute applies." *Weaver v. Watson*, 130 Ill. App. 3d 563, 567 (1984).

¶ 21   However, none of the cases cited by defendant in support of this argument involved negotiable instruments such as the promissory note at issue here. Rather, they involved garden-variety contract claims. For the following reasons, we reject defendant's attempt to apply these cases to the negotiable instrument involved here.

¶ 22    "Notes and mortgages are freely transferable instruments." *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 618 (1987). Under the UCC, any "holder" has the right to enforce an instrument. 810 ILCS 5/3-301 (West 2018). As part of the proceedings on MB's motion for summary judgment below, the circuit court concluded that the affidavits and other documents of record established that MB was the "owner" of the note, pursuant to the Purchase Agreement, and was entitled to enforce defendant's obligations thereunder. Other than asserting that it was wrong to consider the Purchase Agreement as parol evidence without also applying the five-year statute of limitations period under the exception discussed above, defendant has not otherwise challenged this conclusion on appeal. We find no error in the circuit court's actions and conclusions.

¶ 23    The very nature of negotiable instruments, such as the note at issue here, is that they can and may be transferred, with the new owner able to enforce the obligations of the maker of the instrument. If we accepted defendant's argument, there would be a 10-year statute of limitations for actions on promissory notes by the original holder under section 13-206 but a 5-year statute of limitation for actions brought on the same note by a subsequent holder under section 13-205. Of course, there is nothing in either the plain language of the Code or its legislative history that supports this contention. Again, we are not to "depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent." *Hendricks*, 2015 IL App (3d) 140858, ¶ 14.

¶ 24    In fact, in *Reconstruction Finance Corp. v. Lucius*, 320 Ill. App. 57, 69-71 (1943), we previously reached just this conclusion under similar circumstances arising under prior versions of sections 13-205 and 13-206. In that case, this court rejected an argument that the five-year statute of limitations for unwritten contracts applied to a claim brought with respect to a number

of negotiable promissory notes, even though parol evidence was required to establish that the plaintiff was the current holder of notes originally granted to another entity. *Id.* We noted that the action was brought on the notes, and actions on notes were specifically subject to a 10-year statute of limitations. Even though additional evidence was required to establish its claim, we concluded: "As plaintiff sued as the holder of promissory notes and brought its action within ten years after the cause of action accrued, it was not barred by the Statute of Limitations." *Id.* at 71. We reach the same conclusion here.

¶ 25    Finally, we reject defendant's complaint that the circuit court "reached conflicting and irreconcilable conclusions in the two motions in which defendant's five-year affirmative defense were at issue." First, while defendant essentially complains that the circuit court reached different conclusions in denying his motion for summary judgment on the mortgage foreclosure complaint than it did on MB's motion for summary judgment on the amended complaint, we note that the denial of a motion for summary judgment is an interlocutory order that may be revised prior to final judgment. *Brandon v. Bonell*, 368 Ill. App. 3d 492, 502 (2006). Second, because we review the final judgment of the circuit court and not the reasons given for that judgment (*Mitchell*, 2016 IL App (1st) 153094, ¶ 26), any possible inconsistencies are immaterial.

¶ 26                                    III. CONCLUSION

¶ 27    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 28    Affirmed.

**No. 1-19-0078**

| | |
|---|---|
| **Cite as:** | *Fifth Third Bank v. Brazier*, 2019 IL App (1st) 190078 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 15-CH-3119; the Hon. William B. Sullivan, Judge, presiding. |
| **Attorneys for Appellant:** | Carlton Odim, of Odim Law Offices, of Chicago, for appellant. |
| **Attorneys for Appellee:** | John J. Lydon, Nazia J. Hasan, and Raymond J. Ostler, of Gomberg Sharfman, P.C., of Chicago, for appellee. |