2020 IL App (1st) 191258-U

No. 1-19-1258

Order filed October 8, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| WILLIE JONES, | ) Petition for Direct |
| | ) Administrative Review of an |
| Petitioner-Appellant, | ) Order of the Illinois Human |
| | ) Rights Commission. |
| v. | ) |
| | ) Charge No. 2017 SF 209 |
| ILLINOIS HUMAN RIGHTS COMMISSION, ILLINOIS | ) |
| DEPARTMENT OF HUMAN RIGHTS, and | ) |
| HEARTLAND EMPLOYMENT SERVICES, LLC, | ) |
| | ) |
| Respondents-Appellees. | ) |

JUSTICE HALL delivered the judgment of the court.
Presiding Justice Gordon and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the decision of the Illinois Human Rights Commission sustaining the dismissal of plaintiff's charge because it was not an abuse of discretion where petitioner was unable to establish a *prima facie* case of race-based discrimination or a pretext for retaliatory discharge.

¶ 2    This appeal arises from the entry of an order of the Illinois Human Rights Commission (Commission) sustaining the Illinois Department of Human Rights' (Department) dismissal of

petitioner Willie Jones' charges of racial discrimination and retaliatory discharge against his former employer, respondent Heartland Employment Services (Heartland). On appeal, petitioner contends that the Commission erred in sustaining the Department's dismissal of his charges based on a lack of substantial evidence. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4       The record indicates the following facts.

¶ 5       Petitioner was hired by Heartland on February 18, 2015, as a Cook/Dietary Aide.

¶ 6       On August 7, 2015, petitioner filed a charge with the Equal Employment Opportunity Commission (EEOC), charge number 846-2015-28693, alleging discrimination by Heartland.[1] On November 9, 2015, petitioner filed suit in the circuit court of Macon County, Illinois, against Heartland alleging defamation of character, sexual harassment, and discrimination. The case was subsequently removed to the United States District Court for the Central District of Illinois, Urbana Division on January 4, 2016.[2]

¶ 7       On July 28, 2016, petitioner filed a charge against his employer with the Department, charge number 2017 SF 0140, regarding a Third/Final Written Warning dated May 10, 2016. The charge alleged discrimination based on retaliation for a suspension incurred during Heartland's investigation into the incident. Petitioner received a warning because of his demeanor and actions towards a resident about an egg sandwich. Petitioner, as a cook, was not allowed to leave the serving line and take food to residents. He received counseling for this incident and was instructed to not have any contact with that resident going forward.

---

[1] The record contains no further information on charge number 846-2015-28693.
[2] The record contains no further information on this case.

¶ 8 On July 31, 2016, Heartland received a report that petitioner boiled a pot of soapy mop water near food. On August 17, 2016, Heartland terminated the petitioner's employment based on that report, which was his fourth Type C-level workplace violation within a 12-month period. Heartland's policy indicates that Type C violations initiate progressive discipline and typically require four offenses prior to discharge. Corrective actions for Type C violations remain active for one year. After a corrective action is no longer active, all subsequent corrective actions are reduced by one warning level. Additionally, Heartland's policy provides that when a Final Written Warning has been received for any type of violation, the next violation in two years, regardless of type, will result in termination, pending a final review.

¶ 9 On November 22, 2016, after his termination, petitioner filed a second charge with the Department, charge number 2017 SF1119, alleging race-based discrimination and retaliation under the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 *et seq*. (West 2016)). In the charge, petitioner alleged that Heartland discharged him based on race and in retaliation for opposing unlawful workplace discrimination when he filed charges with the EEOC and the Department. In support of his racial discrimination claim, petitioner alleged that: (1) he was black; (2) he met his work expectations; (3) he was discharged on August 17, 2016; (4) Heartland treated a coworker named Amanda more favorably, and (5) other non-black employees that were similarly-situated were treated more favorably. In support of his retaliation claim, petitioner alleged that: (1) he filed charges of discrimination against Heartland in August 2015 and July 2016; (2) he met his work expectations; (3) he was discharged on August 17, 2016, and (4) the discharge followed his participation in protected activity which implied a retaliatory motivation.

¶ 10 According to the Department's investigatory report, Heartland filed a timely verified response to petitioner's charge on January 23, 2017.

¶ 11    The Department's investigatory report dated March 7, 2017, revealed that petitioner received the following warning notices for Type C violations: (1) on July 1, 2015, for absenteeism/tardiness; (2) on July 23, 2015, for violation of the work rule against using company time/equipment/supplies for personal use; (3) on July 28, 2015, for absenteeism/tardiness; (4) on November 5, 2015, for absenteeism/tardiness, and (5) on May 10, 2016, for a resident's complaint. The Department's final investigation revealed that petitioner received more than four warnings/notices for the period of July 2015 through June 2016.

¶ 12    The Department's report additionally included the documentation of disciplinary actions issued to Debbie Hellenger (Hellenger) who was a cook at Heartland (non-black) and Amanda Martin (non-black) who was a Dietary Aide/Dishwasher.

¶ 13    Hellenger received the following Type C violations: September 8, 2008, First Written Warning; January 23, 2009, Second Written Warning; August 11, 2009, Third Written Warning; and November 28, 2009, Third/Final Written Warning; June 10, 2010, Third/Final Written Warning; December 27, 2010, Second Written Warning; and February 18, 2011, Third/Final Written Warning.

¶ 14    Martin received the following Type C violations: November 12, 2015, First Written Warning and September 7, 2016, Second Written Warning.

¶ 15    The Department's investigatory report recommended a finding of a lack of substantial evidence based on its investigation. The report indicated that there was no evidence of race being a factor in petitioner's discharge on the claim of racial discrimination. As to petitioner's retaliation claim, the report indicated that the evidence failed to show that petitioner was discharged for engaging in protected activity.

¶ 16    On March 15, 2017, the Department dismissed the charges for lack of substantial evidence, and petitioner filed a timely request for review to the Commission on June 6, 2017. Petitioner's alleged that Heartland's evidence was misleading in that he had a doctor's note explaining an absence, one incident was for coaching and not a reprimand, and another violation was supposed to be removed from his file. Those respective dates were for violations dated July 1, 2015, July 23, 2015, and November 12, 2015. Petitioner alleged that Hellenger received a Third/Final Written Warning, and her subsequent violation, within 24 months from that date, should have resulted in termination, but did not.

¶ 17    On November 6, 2017, the Department requested that the Commission sustain its dismissal. The Department stated that the investigation did not reveal substantial evidence that Heartland discharged petitioner based on his race or in retaliation for opposing unlawful workplace discrimination.

¶ 18    On May 21, 2019, the Commission entered a final order finding that petitioner could not establish a *prima facie* case that his discharge was based on race. The Commission found that petitioner was unable to establish the fourth element; namely that a similarly situated non-black employee was treated more favorably. The Commission concluded that while petitioner could establish a *prima facie* case that he was discharged based on retaliation, he was, however, unable to establish that Heartland's legitimate non-discriminatory reason for firing him was a pretext for discrimination.

¶ 19    On June 21, 2019, petitioner filed a timely *pro se* petition for administrative review directly to the First District of this court pursuant to Supreme Court Rule 335. (Ill. S. Ct. R. 335 (eff. July 1, 2017)).

¶ 20                                          ANALYSIS

¶ 21                                  A.  Improper Venue Claim

¶ 22    As a preliminary manner, Heartland contends that this court is unable to hear the appeal because it was filed in the improper venue and finds the case should be either transferred to the Fourth District or dismissed pursuant to section 8-111(B)(3) of the Illinois Human Rights Act.  775 ILCS 5/8-111(B)(3) (West 2018).  Heartland notes that it is located in, and petitioner resides in, Decatur, Illinois, which is in the Fourth District.  Heartland objects to the First District hearing this case on that basis.

¶ 23    Conversely, the Commission and Department contend that location is procedural in nature and does not affect the jurisdiction of this court.  Petitioner has not responded to this objection.

¶ 24    Supreme Court Rule 335 provides that the appellate court shall review decisions of an administrative agency when a timely petition for review is filed.  Ill. S. Ct. R. 335 (eff. July 1, 2017).

¶ 25    We initially note that Heartland has not filed a motion to transfer venue. When no motion is filed to transfer venue, any challenges to the court will be forfeited.  *Cigna v. Illinois Human Rights* Commission, 2020 IL App (1st) 190620, ¶ 22.  Therefore, Heartland's challenge to transfer venue or dismiss based on improper venue is forfeited. *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 43 (courts are not deprived of jurisdiction to hear an administrative decision when it is filed in the improper venue)**.** Since the petitioner filed this matter within 35 days after service of the Commission's decision, this court may exercise its jurisdiction over the matter pursuant to Rule (eff. July 1, 2017).

¶ 26    We now turn to the merits of petitioner's appeal.

¶ 27                         B.  Review of the Commission's Decision

¶ 28    On appeal, petitioner contends that the Commission erred by not properly reviewing the evidence which showed he did not have four workplace violations in a 12-month period. Petitioner contends that the evidence presented is misleading. Petitioner alleges he had only three workplace violations, and that the following violations are not accurate: (1) his July 1, 2015, violation was removed after he submitted a doctor's note; (2) his July 23, 2015, violation was for coaching and not considered a reprimand, and (3) his July 28, 2015, violation had two call offs however, he indicates it should be counted as one occurrence. Petitioner alleges the solution used for boiling the mop water, was not in stock at the facility when he was accused of the incident. Petitioner alleges that Hellenger received a Third/Final Written Warning, and her subsequent violation, within 24 months from that date, should have resulted in termination, but did not. Petitioner contends this shows that similarly situated employees were treated more favorably.

¶ 29    In order to establish a *prima facie* case of racial discrimination under the Act, petitioner must show that: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate business expectations; (3) he suffered an adverse employment action; and (4) the employer treated similarly situated employees outside the class more favorably. *Owens v. Department of Human Rights*, 403 Ill. App. 3d 899, 919 (2010).

¶ 30    The standard of review for a decision to sustain dismissal of a charge of discrimination made by the Commission is abuse of discretion, therefore, this court will not disturb the decision of the Commission unless it is arbitrary or capricious. *Young v. Illinois Human Rights Commission*, 2012 IL App (1st) 112204, ¶ 33. A decision is arbitrary or capricious if it contravenes legislative intent, fails to consider a critical aspect of the matter, or offer an explanation so implausible that it cannot be regarded as the result of an exercise of the agency's expertise. *Id*.

¶ 31    Petitioner makes several arguments for the first time on appeal which are: contesting his July 28, 2015 violation; the facility was out of the solution that he typically boils on the night the incident occurred (despite admitting to doing this previously); that he did not have four workplace violations within a 12-month span. Petitioner has forfeited these arguments since they are raised for the first time on appeal in violation of Supreme Court Rule 341(h)(7). Ill. S. Ct. R. 341 (h)(7) (eff. May 25, 2018). Further, even if an error occurred in calculating petitioner's workplace violations, this court can only review the final order despite any inconsistencies that may have arisen in the reasoning. *Fifth Third Bank v. Brazier*, 2019 IL App (1st) 190078, ¶ 25.

¶ 32    The Commission concluded that there was insufficient evidence to establish a *prima facie* case that the petitioner was discharged based on race. It found that petitioner was able to establish the first three elements of a *prima facie* case, namely: (1) being a member of a protected group; (2) he performed his job satisfactorily, and (3) that Heartland took adverse actions against him despite the adequacy of his work. The Commission found that petitioner was unable to establish the fourth element which requires that Heartland treat a similarly situated employee outside petitioner's protected class more favorably under certain circumstances. For the reasons stated below, we cannot say that the Commission abused its discretion.

¶ 33    Petitioner's contention, that Hellenger was treated more favorably because she was not discharged after receiving a Third/Final Written Warning and a subsequent violation within 24 months, is unfounded. As Heartland notes, and the record reflects, petitioner also received a Third/Final Written Warning and a subsequent violation within 24 months and was not discharged based on that policy. In not discharging either individuals based on these violations, petitioner fails to show that Hellenger was treated more favorably. Under the circumstances, Heartland treated both petitioner and Hellenger the same when they both violated the same policy. Petitioner has

offered no evidence to suggest that there were any employees, outside of petitioner's protected class, that were treated more favorably under similar circumstances.

¶ 34    Since petitioner is unable to establish the fourth element, a *prima facie* case of race-based discrimination has not been shown. The decision of the Commission finding a lack of substantial evidence that petitioner was discharged based on race is not arbitrary or capricious, but rather a determination made that was based on the evidence presented.

¶ 35                                      CONCLUSION

¶ 36    For the foregoing reasons, the Commission's May 21, 2019, final order sustaining the Department's dismissal of petitioner's charge for lack of substantial evidence is affirmed.

¶ 37    Affirmed.