NOTICE
Decision filed 11/06/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240472-U

NO. 5-24-0472

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Massac County. |
| | ) | |
| v. | ) | No. 16-CF-66 |
| | ) | |
| DAVID I. ROGERS, | ) | Honorable |
| | ) | William J. Thurston, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in dismissing defendant's petition for postjudgment relief where he did not claim to have been a victim of domestic violence and provided no factual support for his claim that he suffered from posttraumatic stress disorder. As any arguments to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    The defendant, David I. Rogers, pled guilty to one count of predatory criminal sexual assault of a child and was sentenced to 17 years in the Illinois Department of Corrections. He appeals the denial of his petition for postjudgment relief. His appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. On that basis, OSAD has filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support of that motion.

1

¶ 3    OSAD gave proper notice to Rogers. This court gave him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but he has not done so. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                                    BACKGROUND

¶ 5    Rogers was charged with four counts of predatory criminal sexual assault of a child. He pled guilty to one count, in exchange for the State agreement to dismiss the other three. The State refused to agree to a sentence on the remaining count. The circuit court accepted the plea and held a sentencing hearing. At the hearing, Rogers's sister testified that their mother had a mental breakdown when they were children, and it was very hard on Rogers. Rogers spoke in allocution, alleging that his attorneys were ineffective for preventing him from accepting a pretrial offer from the State to plead guilty in exchange for a 10-year sentence. On October 23, 2018, the court sentenced Rogers to 17 years' imprisonment.

¶ 6    On September 8, 2023, Rogers filed a petition for postjudgment relief pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). Rogers alleged that he "just recently learned from a mental health counselor here at the prison that, the time of the offense, he was suffering from posttraumatic stress disorder (PTSD) for which he is now seeking treatment." He further contended that "this condition, as well as a history of anxiety and depression, constitutes a 'serious mental illness,' a statutory factor in mitigation under the recent amendment to the unified code of corrections." As relief, Rogers asked the court to vacate his sentence and remand for resentencing. Rogers did not identify the individual who told him he had

2

PTSD, nor did he attach their report or any other corroborating evidence. Rogers relied on section 2-1401(b-5) of the Code (*id.* § 2-1401(b-5)), which applies to victims of domestic violence, in support of his argument that he was entitled to a new sentencing hearing.

¶ 7   On December 1, 2023, the State filed a motion to dismiss. It argued that Rogers's petition was untimely and that the alleged diagnosis occurred after his conviction and sentencing and was therefore not a proper basis for relief. The court granted the State's motion to dismiss on March 26, 2024, finding that Rogers's petition was untimely. The court further stated that Rogers did not allege legal disability, duress, or fraudulent concealment to toll the two-year limitations period, nor did he argue that the judgment was void.

¶ 8   Rogers filed a notice of appeal from the denial of his petition. OSAD now moves to withdraw as appellate counsel.

¶ 9                                          ANALYSIS

¶ 10   OSAD argues that dismissal of the petition was proper, and there are no meritorious arguments to the contrary. In the memorandum supporting its *Finley* motion to withdraw as counsel, OSAD states that it reviewed the issue of timeliness, as well as the merits of Rogers's claim. Counsel determined that, while the petition was arguably timely, it lacks substantive merit. As we agree with counsel's assessment that there is no arguable merit to this appeal, we grant OSAD leave to withdraw.

¶ 11   A petition for relief from judgment pursuant to section 2-1401 of the Code is intended to correct errors of fact that were unknown to the petitioner and the court at the time of the judgment, and which, if known, would have prevented the rendition of that judgment. *People v. Pinkonsly*, 207 Ill. 2d 555, 565 (2003). A section 2-1401 petition is "not designed to provide a general review of all trial errors or to substitute for a direct appeal." (Internal quotation marks omitted.) *People v.*

*Haynes*, 192 Ill. 2d 437, 461 (2000). In order to be entitled to relief under this section, the petitioner must set forth (a) a meritorious claim or defense, (b) due diligence in presenting the claim or defense in the original action, and (c) due diligence in filing the petition. *People v. Coleman*, 206 Ill. 2d 261, 289 (2002). The petition must also "be supported by an affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2-1401(b) (West 2022).

¶ 12    When the circuit court's ruling on a section 2-1401 petition involves a fact-dependent challenge, we review the circuit court's decision for abuse of discretion. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶¶ 50-51. However, as in the present matter, when the court's dismissal of a section 2-1401 petition is based solely on a legal challenge, we review its decision *de novo*. *Id.* ¶¶ 43-47 (examining the decision in *People v. Vincent*, 226 Ill. 2d 1 (2007), which applied *de novo* review to the dismissal of a section 2-1401 petition without the benefit of responsive pleadings and without giving the petitioner notice and an opportunity to be heard, *sua sponte*).

¶ 13    Section 2-1401 petitions must be filed within two years of the entry of the challenged judgment. 735 ILCS 5/2-1401(c) (West 2022). This time limitation is mandatory, and petitions filed after the two-year period will generally not be considered. *People v. Gosier*, 205 Ill. 2d 198, 206 (2001) (citing *People v. Caballero*, 179 Ill. 2d 205, 210 (1997)). However, the Code provides that "[t]ime during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." 735 ILCS 5/2-1401(c) (Wst 2022); see also *Pinkonsly*, 207 Ill. 2d at 563-64. Furthermore, the time limitation does not apply if the opposing party has waived it, or if the judgment being challenged is void. *Gosier*, 205 Ill. 2d at 206-07.

¶ 14    In the present matter, the court entered its sentencing order on October 23, 2018, and Rogers filed his petition on September 8, 2023. As the circuit court noted, this was almost five years after the order, and well past the two-year limitations period. Rogers did not make an argument of voidness, and the State did not waive the time limitation. The circuit court further found that the two-year period was not tolled due to legal disability, duress, or fraudulent concealment.

¶ 15    However, OSAD submits that there exists a meritorious argument that the petition was timely—if Rogers can show that he suffers from PTSD, as he claims, he could argue that the two-year period was tolled while he was under a legal disability. OSAD instead seeks leave to withdraw because there is no substantive merit to Rogers's claim. While the circuit court based its dismissal of the petition on its untimeliness, we may affirm the court's judgment based on any reasons in the record. *Fifth Third Bank v. Brazier*, 2019 IL App (1st) 190078, ¶ 13.

¶ 16    In his petition, Rogers claims that he is entitled to a new sentencing hearing because the circuit court did not hear evidence that he suffered from PTSD at the time of the offense. In support of his argument, he cites to section 2-1401(b-5) of the Code. This section states that a defendant may present a meritorious claim for relief from judgment if the petition establishes, *inter alia*, that the defendant's participation in the underlying offense "was related to him or her previously having been a victim of domestic violence as perpetrated by an intimate partner" (735 ILCS 5/2-1401(b-5) (West 2022)), and that no evidence of that domestic violence was presented at the defendant's sentencing hearing.

¶ 17    Rogers quotes the purported language of this subsection in his petition. However, where the actual text refers to victims of domestic violence as perpetrated by an intimate partner, Rogers re-words the subsection to apply to petitioners suffering "from a serious mental illness ***

5

insufficient to establish a defense of insanity." This is not the correct language of the statute, neither in its current nor prior versions. Rogers does not claim to have been the victim of domestic violence.

¶ 18 It appears that Rogers transposed language from the list of mitigating sentencing factors found in section 5-5-3.1 of the Unified Code of Corrections (730 ILCS 5/5-5-3.1(a) (West 2022)). As Rogers correctly references, this section includes consideration of whether the defendant was suffering from a serious mental illness at the time of the offense. *Id.* § 5-5-3.1(a)(16). We note that Rogers did not provide any supporting evidence of his claim of PTSD—a section 2-1401 petition "must be supported by an affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2-1401(b) (West 2022). However, even if Rogers had shown at sentencing that he suffered from PTSD at the time of the offense, and the court had factored this into its sentencing determination, Rogers could have still received a 17-year sentence. There is no basis in the record to find that presenting this factor to the court would have prevented the entry of the judgment at issue. See *Pinkonsly*, 207 Ill. 2d at 565.

¶ 19 Therefore, we find that there is no arguable merit to Rogers's claim, and dismissal of the petition was proper.

¶ 20 CONCLUSION

¶ 21 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 22 Motion granted; judgment affirmed.